STATE *vs.* JOHN W. GUTHRIE.

SAME *vs.* PATRICK W. FORD.

Hancock.    Opinion June 16, 1897.

*Search Warrants.  Intox. Liquors.  Art 5, Declaration of Rights.  Const. Law.*
*R. S., c. 27, § 40.*

It is an integral principle in our system of law and government that minis-
terial officers assuming to execute a statute or process upon the property or
person of a citizen, shall execute it promptly, fully and precisely.  The time
of execution is as essential as any other element.

A warrant to search for intoxicating liquors remains in force for a reasonable
time only.

What is a reasonable time within which such a warrant may be lawfully exe-
cuted is a question of law for the court to determine in each case according
to its circumstances.

An unexplained and hence apparently needless delay for three days in the exe-
cution of such a warrant is unreasonable, and hence unlawful.

ON REPORT.

This was a search and seizure process.   The case came into the
court below upon appeal from a trial justice and was reported to
the law court upon an agreed statement.   The law court, among
other things, was to determine what effect, if any, the fact that
the warrant dated July 20, 1895, was served July 23, 1895, may
have upon the complaint and warrant or the evidence of the iden-
tity of the liquors seized necessary to authorize a conviction under
it.

The case appears in the opinion.

*E. S. Clark,* County Attorney, for State.

In *State* v. *Hale,* 81 Maine, 34, the court decided that " the
return implies that the liquor ordered to be seized and the liquor
seized are the same."   In *Com.* v. *Intox. Liquor,* 110 Mass. 182,
it was held that " the jury is warranted in finding that the liquors
seized were the liquors described, although the officer who made
the complaint and the seizure testified that at the time of making

the complaint he had no knowledge of the quantity, kinds or packages of the liquors." See also *Com.* v. *Certain Intox. Liquors*, 13 Allen, 52. The service of a writ by arrest of the defendant, will not be ground of abatement, or illegal, simply because he was not a resident, nor within the state, when the writ was made, and the oath that he was about to depart, etc., (required by the R. S., c. 113, § 2, to authorize the arrest,) was taken. *Adams* v. *McFarlane*, 65 Maine, 143.

*L. B. Deasy*, for Guthrie; and *H. E. Hamlin, A. W. King, J. E. Bunker, Jr.*, for other defendants.

SITTING: PETERS, C. J., EMERY, WHITEHOUSE, WISWELL, STROUT, JJ.

EMERY, J. A warrant to search for intoxicating liquors in a building occupied by the respondent was issued July 20th, the day of the making the complaint. It is not stated on what day the warrant came into the hands of the officer who undertook to execute it, but presumably it was delivered to him at once. He held the warrant for three days, apparently needlessly, and then assumed to execute it July 23rd when he found and seized some intoxicating liquors, and arrested the respondent. Upon this warrant the respondent is now before the court, and contends in limine that, in the absence of reasons for the delay, the officer's authority to search and arrest on this warrant did not continue for three days and had expired at the time of this arrest.

The question presented is of fundamental importance and yet, so far as our research or that of counsel has extended, it has not before received adjudication. Either officers have hitherto served search warrants promptly, or respondents have not cared to raise the question of their duty to do so. The result is that we must base our judgment on reasoning from accepted principles rather than on authority.

There are some fundamental and almost self-evident propositions to be stated at the outset.

When there is named in any process, or in the law authorizing

it, a time within which it is to be executed and returned, the process cannot be executed after that time, but becomes functus officio, except perhaps for return.

When no time is thus named, the process must be executed within a reasonable time from its issuance and becomes functus officio thereafter, or the time within which it may be executed is unlimited, and it never becomes functus officio however long held back by the officer. We are not able to see any middle ground between these alternative propositions.

The result of a search under a search warrant, in liquor cases at least, is not the test of the authority to make the search under the warrant. The validity of the warrant, the authority of the officer under it, to enter upon the prescribed premises does not depend upon what he finds after entry. The prior authority, or want of authority, in an officer to begin the execution of a search warrant is fixed when he begins. A corollary of this proposition is that · the life of a search warrant does not depend upon the existence or continued existence of the liquor described in the complaint. As the warrant may outlive those liquors, so it may expire before they disappear. It is an integral principle in our system of law and government that ministerial officers assuming to execute a statute or process upon the property or person of a citizen shall execute it promptly, fully and precisely. The time of execution is as essential as any other element. This principle has been sufficiently stated and explained in former opinions of this court. *Carter* v. *Allen*, 59 Maine, 296; *B. & M. R. R.* v. *Small*, 85 Maine, 462.

We think the foregoing propositions are applicable with especial directness and force to the nature and purpose of a search warrant. It is a sharp and heavy police weapon to be used most carefully lest it wound the security or liberty of the citizen. It was unknown to the early common law and came into use almost unnoticed in the troublous times of English history. Lord Coke denied its legality, but finally the courts and parliament, recognizing its great efficiency, contented themselves with carefully restricting and controlling its use. *Entick* v. *Carrington*, 19 Howell's State Trials, 1030. The danger of its abuse has been so

clearly apprehended in this country that constitutional barriers have been erected against it. In the Declaration of Rights in the Constitution of this State, Art. 5, it is provided that the people shall be secure in their persons, houses, papers and possessions from all unreasonable searches and seizures.

Nothing in the complaint or warrant or in the law concerning them indicates that, after complaint is made, the warrant is to be held by the magistrate or officer as a weapon to be used at his discretion. The very nature of the search warrant indicates that when complaint is made, the warrant (if issued at all) should be promptly issued and executed. The purpose is to seize the thing, alleged to be at that time in the place to be searched, to prevent its removal or further concealment.

Especially is this so when complaint is made for a warrant to issue to search for intoxicating liquors. The complaint is against the particular liquors on deposit at the date of the complaint, and the warrant under the Declaration of Rights, Art. 5, can be issued against those liquors only;—but such liquors are usually being continually disposed of and replaced, if at all, by other and perhaps different liquors. Unless the warrant is issued and served at once, the officer is likely to find only liquors which were deposited after the complaint was made. In any case of delay it would be difficult, if not impossible, to prove the identity of the liquors found with those complained against. The prosecution would fail, resulting only in expense to the State, and expense and annoyance to the citizen.

The Legislature has recognized this necessity of immediate execution of the warrant in liquor prosecutions, and has commanded it. The officer is expressly directed by the warrant and the statute to "make immediate return of said warrant," and to have the respondent "forthwith" before the magistrate for trial. R. S., Ch. 27, § 40. In view of the nature and history of this peculiar process, this language of the Legislature fairly indicates the intention that the warrant should be executed "immediately" and "forthwith," and not in the unlimited discretion of the officer. *State* v. *Leach,* 38 Maine, 432.

Guided by the principles and reasoning above stated, we are led to the conclusion that a search warrant for intoxicating liquors must be served within a reasonable time after issuance or be abandoned.

What is a reasonable time within which the service of such a warrant can lawfully be made is also a question of law for the court.

The officer is not held to more than reasonable promptness. The time he may take, the reasonable time, necessarily varies with the circumstances. The hour in the day of making the complaint,— the distance of the place to be searched,—the state of the weather, —the condition of the roads,—the lack of facilities for travel,—the obstructions met,— and other circumstances may make a long delayed service practically immediate and forthwith, and hence within a reasonable time.

In this case none of these nor any circumstances are shown. The officer lived in the immediate neighborhood of the place to be searched. Nothing appears indicating that the warrant could not have been easily executed on the day the complaint was made. No reason whatever is shown for the delay of three days. Such a delay was needless. In cases of seizures without warrant, it has been held unreasonable and hence unlawful to delay the warrant more than twenty-four hours. *Weston* v. *Carr*, 71 Maine, 356; *State* v. *Dunphy*, 79 Maine, 104; *State* v. *Riley*, 86 Maine, 144. An unexplained delay of three days in serving such a warrant seems clearly needless, unreasonable and hence unlawful, and destructive of the power of the warrant.

It is urged that the conclusion reached in this case will materially impair the efficiency of one of the most useful instrumentalities for the enforcement of the liquor statutes. Even if such were the effect we could not shrink from declaring the law as we believe it to be. But no such effect need be apprehended. No case can be stated in which a needless delay of service will aid the prosecution. Any such case when stated will, ipso facto, show the delay to have been needful and hence reasonable, and hence remove the case from the purview of this opinion. On the other hand the more

promptly the warrant is served, the more likely the officer is to find the liquors complained of, and the more easy to prove the identity. Every hour's delay, whether from the officer's inefficiency or from his collusion with respondents, endangers the success of the prosecution.

It is suggested that the prosecution often needs to obtain search warrants in advance, in order to have them in readiness to seize the liquors at the moment of deposit before they can be concealed,— that such a procedure is very efficacious and even essential to circumvent the cunning of liquor sellers, and that the rule here evolved will nullify it. If such a practice obtains, it should be nullified.

No prosecution can be lawfully begun, no criminal process lawfully issued, before the offense is committed. The practice suggested, if it obtains, is a scandalous abuse of legal process based upon the perjury of the complainant and subjecting all concerned in it to penalties and damages.

*Respondents discharged.*