## Link v. Commonwealth.

(Decided June 15, 1923.)

### Appeal from Bourbon Circuit Court.

1. Intoxicating Liquors—Warrant Not Executed Within Reasonable Time After Issuance is Invalid.—Rash-Gullion Act, section 14, providing that any officer receiving a search warrant shall immediately proceed to execute the same on the day received, and shall be fined for failure to do so even if it does not invalidate a search warrant which is not executed on the day it is issued, indicates a legislative purpose that it shall be promptly executed, and the

warrant is invalid if not executed within a reasonable time; in view of the fact it is issued to seize property which the affidavit states is then on the premises, and not that which may subsequently be taken on the premises.

2. Intoxicating Liquors—Four Months and Five Days After Issuance is Unreasonable Time for Service of Search Warrant.—There can be only one conclusion drawn from a delay of four months and five days in serving a search warrant after its issuance, so that the court can declare, as a matter of law, that it was not served within a reasonable time, and was invalid.

3. Intoxicating Liquors—Evidence Aside from that Procured by Invalid Warrant Held Insufficient to Sustain Conviction.—Where the only evidence of guilt aside from that obtained under an invalid search warrant was the testimony of one witness, which was largely hearsay, and which raised only a mere suspicion that defendant may have possessed the liquor which was delivered to witness by another person, who was not introduced, and to whom the witness paid the purchase price, the evidence was insufficient to sustain a conviction for unlawful possession.

RAYMOND CONNELL for appellant.

THOS. B. McGREGOR, Attorney General, and ED. L. ALLEN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing

Appellant, Robert Link, was tried before the county judge of Bourbon county under a warrant charging him with having in his possession whiskey contrary to law and from the judgment convicting him he appealed to the Bourbon circuit court, where he was again convicted, with an increased punishment, and to reverse the judgment he has brought the case here, complaining that the court erred, (1), in admitting evidence obtained by the officers acting under a search warrant, because (a), the affidavit upon which the warrant issued was insufficient under the law to authorize its issual, and (b), that the warrant was not executed by the officer within the proper time or with due dispatch, and (2), that the evidence outside of that obtained by the search warrant was insufficient to sustain the conviction.

We think there is no doubt about the correctness of complaint (a), with reference to the affidavit upon which the search warrant issued, under numerous opinions from this court which by reason of their number and recent rendering it will be unnecessary to cite or refer to; but, since we have reached the conclusion that point (b), is also well taken and it not having heretofore been

decided by this court, we have concluded to direct the opinion to its determination without further considering point (a).

The affidavit for the search warrant was made on June 3, 1922, and on the same day the warrant was issued and put into the hands of the officer who made the affidavit and who subsequently executed it on the 8th day of October following, which was four months and five days after it issued. Subsection 14 of chapter 33, Acts 1922, page 109, commonly known as the "Rash-Gullion Act," and which is Kentucky's statute enforcing the Eighteenth Amendment to the Federal Constitution, provides for the issuing and execution of search warrants in prosecutions for violations of the act, and it is provided therein that "any officer receiving a (search) warrant as herein set out shall immediately proceed to execute same on the day received and for a failure to do so shall be fined not less than one hundred dollars nor more than five hundred dollars." It is not necessary for us to determine whether under the provisions of the statute a search warrant *must* be executed by the officer on the day he receives it, or that its execution on a day subsequent thereto would be invalid although subjecting the officer to a penalty for such failure. It is sufficient to say that the expressly imposed duty on the part of the officer is at least the expression of the legislative policy that the warrant should be executed as quickly as possible after it was issued and there should be no unnecessary delay in doing so. The federal statute, commonly known as the "Volstead Act," requires that a search warrant issued under federal authority shall state in its face that it must be executed and returned within ten days, and it has been held by a number of the inferior federal courts that the warrant would be void without such statement and that it became *functus officio* after that time. Giles v. U. S., 284 Fed. R. 208. It will be seen that our statute contains no such requirement with reference to the contents of the warrant, but the one we have quoted imposes a duty on the part of the officer but without saying whether an execution after the required time would or would not be invalid.

The question came before the Supreme Court of Maine in the case of State v. Guthrie, 90 Me. 448. The statute of that state under which the warrant there under consideration was issued required the officer to "make

immediate return of said warrant" and to have the respondent "forthwith" before the magistrate for trial. The court in passing upon the question said: "In view of the nature and history of this peculiar process, this language of the legislature fairly indicates the intention that the warrant should be executed 'immediately' and 'forthwith' and not in the unlimited discretion of the officer," since, as said by the court "it (the search warrant) is a sharp and heavy police weapon to be used most carefully less it wound the security or liberty of the citizen." It was further said in that opinion that the warrant in such cases was directed toward the condition of affairs as they existed at the time it was issued, and the only purpose to be accomplished was the discovery of things and objects which were at that time hidden and could not be found without the search, and that it was not intended to be directed toward, or for the discovery of, what objects or things might become hidden in the future; and therefore "The very nature of the search warrant indicates that when complaint is made, the warrant (if issued at all) should be promptly issued and executed. The purpose is to seize the thing, alleged to be at that time in the place to be searched, to prevent its removal or further concealment." It was, therefore, held that even in the absence of statutory direction the warrant should be executed within a reasonable time after it was issued and that what constituted a reasonable time was a question of law for the court and not for the jury.

The Supreme Court of South Carolina in the case of Farmer v. Sellers, 89 S. C. 492, held that the warrant, even in the absence of statutory directions, should be executed within a reasonable time, but what constituted a reasonable time, under the circumstances, was ordinarily a question for the jury "unless only one conclusion can be drawn from the evidence," in which latter case it would be the duty of the court to determine the question. The South Carolina court makes reference to the Guthrie case, *supra*, and points out that the difference between it and the Sellers case was that the statute of Maine required the officer to "make immediate return of said warrant," and it was intimated by the South Carolina court that if the statute then under consideration by it contained any such provision, a different conclusion would have been reached. Our statute *does* con-

tain such a provision, but if it did not then, even under the South Carolina opinion, there is "only one conclusion that can be drawn from the evidence" in this case, which is, that four months and five days is an unreasonable time for the execution of the warrant after it was issued, and after such a long delay it became lifeless and ineffectual for any purpose. We are, therefore, of the opinion that the admission of the evidence obtained through the execution of the search warrant was improper and the defendant's objections thereto should have been sustained.

The testimony of the witness Swinford, which had no connection with the execution of the search warrant and was wholly independent of it, was alone clearly insufficient to sustain the conviction. It was largely hearsay, and that part of it which could not be so classified raised only a mere suspicion that defendant may have possessed the liquor which was delivered to witness by another person, who was not introduced, and to whom witness paid the purchase price. On another trial, the court will exclude all the testimony obtained by the officers in executing the search warrant, and if the other testimony independently thereof be in substance the same as on the last trial defendant's motion for peremptory instruction will be sustained, but if it be strengthened sufficiently to authorize a submission of the issue to the jury, the court will do so.

Wherefore, the judgment is reversed with directions to grant the new trial and for proceedings consistent herewith.