# CHARLESTON.

## STATE v. CASSA PACHESA

(No. 5469)

Submitted November 16, 1926.    Decided November 23, 1926.

1. SEARCH AND SEIZURE—*Search and Seizure Warrant Issued Under Sec. 9, Chap. 32A, Code (Search and Seizure of Intoxicating Liquors), Commanding Officer to Forthwith Enter Premises and Search, Must be Executed Within Reasonable Time From Its Issuance; Otherwise Its Execution Constitutes Unreasonable Search Within the 6th Section of the Bill of Rights (Sec. 6, Art. III, Const.). And a Delay of 50 Days In Its Execution, Unexplained by Evidence or Justified by Circumstances, Makes Such Search Unreasonable and Unlawful as Matter of Law.*

   A search and seizure warrant issued under Sec. 9, Chap. 32A, Code (search and seizure of intoxicating liquors), commanding the officer to forthwith enter the premises and search, must be executed within a reasonable time from its issuance; otherwise its execution constitutes an unreasonable search within the 6th section of the Bill of Rights (Sec. 6, Art. III, Const.). And a delay of 50 days in its execution, unexplained by the evidence or justified by the circumstances, makes such search unreasonable and unlawful as a matter of law. (p. 608.)

2. SAME—*In Such Case Evidence Obtained by Reason of Search is Inadmissible, and Judgment on Verdict of Guilty Based on Such Evidence Will be Reversed.*

　　In such case the evidence obtained by reason of the search is inadmissible, and a judgment on a verdict of guilty based on such evidence will be reversed. (p. 612.)

Error to Circuit Court, Monongalia County.

Defendant Cassa Pachesa was convicted of possessing moonshine liquor and she brings error.

*Judgment reversed; verdict set aside; new trial awarded.*

*Howard B. Lee,* Attorney General, *J. Luther Wolfe,* Assistant Attorney General for the State.

*Eugene H. Long,* for plaintiff in error.

LIVELY, JUDGE:

Defendant, Cassa Pachesa, was found guilty of the unlawful possession of moonshine liquor, and was sentenced to pay a fine of $300.00 and to serve thirty days in jail. This writ followed.

The reasons assigned by defendant's counsel for reversal of this case are: (1) that the search warrant under which the liquor was found was void, and therefore no evidence procured thereunder could be used against defendant; and (2) because the defendant was a married woman living with her husband in a building owned by him and another, and therefore her husband was by law presumed to own and possess everything in their home.

Was the search warrant under which the intoxicating liquor was seized void? The warrant was issued on June 10, 1925, and was executed on July 30, 1925—fifty days after the date of its issue. Defendant's counsel contends that this was an unreasonable delay in its execution, and therefore the warrant was invalid when the search was made, citing *State* v. *Guthrie,* 90 Me. 448; *Link* v. *Commonwealth* (Ky. 1923), 251 S. W. 1016; and *Farmer* v. *Sellers,* 89 S. C. 492, to support this proposition.

In *State* v. *Guthrie,* 90 Me. 448, the court held that a search warrant must be executed and returned within a reasonable

time, and that what is a reasonable time is a question to be determined by the court. In that case the search warrant was held to have expired before its execution three days after the date of its issue. The warrant itself and the statute under which it was issued expressly provided that the officer executing it should "make immediate return of said warrant", and should bring the defendant "forthwith" before the magistrate for trial. While basing its decision largely upon the statute, the Maine court reviewed the history of search warrants, and said that the fundamental principles regulating their use, require that they should be executed within a reasonable time.

In *Link* v. *Commonwealth* (Ky. 1923), 251 S. W. 1016, the search warrant was not executed until four months and five days after it was issued. The Kentucky statute enforcing the 18th Amendment to the Federal Constitution provides that: "Any officer receiving a [search] warrant as herein set out shall immediately proceed to execute same on the day received and for a failure to do so shall be fined not less than one hundred dollars nor more than five hundred dollars." The Kentucky Supreme Court said that although the statute contained no requirement that the warrant should state on its face the time within which it must be served, yet the duty expressly imposed on the officer was at least indicative of the legislative policy that the warrant should be executed as quickly as possible after it was issued and without unnecessary delay. It was held that there could be only one conclusion drawn from a delay of four months and five days in executing a search warrant, and therefore, the court was justified in saying as a matter of law that it was not executed within a reasonable time.

In *Farmer* v. *Sellers,* 89 S. C. 492, an officer had held a search warrant for 48 days, and while attempting to serve it, was killed by the occupant of the premises to be searched. The court held that in the absence of any statutory provision, a search warrant should be executed within a reasonable time, but what constituted a reasonable time was ordinarily a question of fact for the jury, under the facts and circumstances of

each case, unless but one conclusion could be drawn from the evidence, in which latter case it became a question of law for the court. It was held that under the facts and circumstances existing in that case, the court was not warranted in saying as a matter of law that a delay of 48 days in the execution of the warrant was so unreasonable as to vitiate it. In passing, the court said, in referring to *State* v. *Guthrie, supra*, "It is important to observe that the question before the Maine Court was whether the defendant should be discharged from arrest under the warrant, not whether he would be justified in shooting an officer undertaking to enforce the warrant."

Our search for authorities on this question has revealed but three cases besides those cited by counsel, they are : *McClary* v. *State* (Okla. 1925), 246 Pac. 891; *Elrod* v. *Moss* (C. C. A. 1921), 278 Fed. 123; and *Hiller* v. *State* (Wis. 1926), 208 N. W. 260.

In *McClary* v. *State, supra,* the court held that a search warrant executed fourteen days after its issue was invalid, in view of the statutory provisions of that state, especially Sec. 2886 of the Criminal Code, which provides that a search warrant must be executed and returned to the magistrate by whom it is issued within ten days, and that unless so executed the warrant is void.

*Elrod* v. *Moss, supra,* was an action for false imprisonment and illegal search of the plaintiff's automobile. The search warrant was issued on May 18, 1920, but was not executed until June 25, 1920. The federal circuit court of appeals said that as there was no South Carolina statute requiring search warrants to be executed within a stated time, and as there were facts and circumstances which tended to throw light upon the delay in the service of the warrant, the question of whether it was executed within a reasonable time, was for the jury, following *Farmer* v. *Sellers*, 89 S. C. 492.

In *Hiller* v. *State, supra,* the Wisconsin Supreme Court said: "It is next argued that the search warrant was invalid at the time of its execution because it was not served promptly after its issuance. The search warrant was issued on the morning of August 26th, and was executed by the sheriff at

6 o'clock p. m. on August 29th. This contention is based mainly upon *State* v. *Guthrie,* 90 Me. 448, 38 A. 368. In that case the warrant was issued under a statute which required the officer to make an 'immediate' return. In this case there was a showing that the sheriff executed it as soon as the performance of other and conflicting duties permitted, but whether or not that was true, there was no unreasonable delay, nor does it appear that the warrant was held back by the officer as a menace to the defendant. See *Elrod* v. *Moss* (C. C. A.), 278 Fed. 123; *Farmer* v. *Sellers,* 89 S. C. 492, 72 S. E. 224.'' There was no Wisconsin statute designating the time for the execution of search warrants.

We have no statutatory provisions in this state applicable to search warrants which require their execution within any stated period, but Sec. 6, of Art. 3 of our State Constitution provides that the rights of citizens to be secure against unreasonable searches and seizures, shall not be violated. And under this constitutional provision a search made under authority of an invalid warrant would be an unreasonable search. Was the search warrant in this case void at the date of its execution? In determining this question it will be well to bear in mind that as search warrants are a species of process exceedingly arbitrary in character, which ought not to be resorted to except for very urgent and satisfactory reasons, the rules of law applicable to them should be strictly construed. Cooley on Const. Lim., (7th ed.), page 429. When we take into consideration the historical background of the search warrant and the fundamental principles underlying and regulating the use of this arbitrary form of process, it would seem to be a salutary rule to hold that where there is no time fixed by statute during which a search warrant must be executed, it shall be executed within a reasonable time from the date of its issue. *Hiller* v. *State,* (1926 Wis.), 208 N. W. 260; *Elrod* v. *Moss,* (C.C.A. 1921), 278 Fed. 123; *Farmer* v. *Sellers,* 89 S. C. 492; *State* v. *Guthrie,* 90 Me. 448, 38 Atl. 368; and Cornelius on Search and Seizure, Sec. 141, page 361. See also *State* v. *Perkins,* (1926 Mo.), 285 S. W. 1021. The requirement for promptness in the execution of this kind of process is recognized in a number of states by statutes desig-

nating the time within which search warrants must be executed; the time so fixed, as a general rule, being very brief. The "Volstead Act" requires that a search warrant issued under federal authority must state on its fact that it is to be executed and returned within ten days. In determining what is a reasonable time for the execution of a search warrant, the facts and circumstances of each case must be considered, such as the character of the person charged with having possession of the contraband goods, the place to be searched and the distance required to be travelled in reaching it, the nature of the crime, obstructions met in executing the process, the question of whether the warrant has been held back as a menace to defendant, and other circumstances that might be mentioned.

In the instant case no effort was made to explain the delay in the execution of the search warrant. However, it does appear from the evidence that the state trooper who had possession of the warrant from the date of its issuance until its execution, 50 days later, was stationed during that period of time in the same town as that in which the defendant lived, his barracks being within six hundred yards of defendant's residence. In view of the failure of the state to introduce any evidence tending to explain the delay, and there being no facts or circumstances apparent from the record which would serve to shed any light upon this question, and in view of the further fact that by the terms of the warrant itself the officer executing it was commanded to "forthwith" enter the premises to be searched, we are of the opinion that but one conclusion can be reached in this case, and that is that the search warrant was invalid when the search was made, because it was not executed within a reasonable time from the date of its issue.

The admission of the evidence obtained by means of this search warrant was improper, and the verdict will be set aside as contrary to the law and the evidence.

*Judgment reversed; verdict set aside; new trial awarded.*