THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FLORENCE STONE WIEDEMAN, Plaintiff in Error.

*Opinion filed December 23, 1926.*

1. PROCESS—*process must be executed within a reasonable time.* Ministerial officers assuming to execute judicial process upon person or property must execute it promptly and precisely, and when in any process, or in the law authorizing it, no time within which the process must be executed and returned is named, the process must be executed within a reasonable time from its issuance and becomes *functus officio* thereafter.

2. PROHIBITION—*when a search warrant is not executed within reasonable time—evidence.* The nature of the process and the command of the statute require that a search warrant must be executed with reasonable promptness and not at the unlimited discretion of the officer, and, while the time the officer may take will necessarily vary with the circumstances, a delay of a week in the execution of a search warrant under the Prohibition act must be held to be unreasonable where no circumstances are shown to excuse the delay, and as the warrant in such case must be held void, intoxicating liquors seized under it cannot be introduced in evidence.

WRIT OF ERROR to the County Court of Saline county; the Hon. JOHN W. BROWNING, Judge, presiding.

ALPHEUS GUSTIN, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, CHARLES T. FLOTA, State's Attorney, and ROY D. JOHNSON, (K. C. RONALDS, of counsel,) for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

A warrant to search for intoxicating liquors in a building occupied by plaintiff in error was issued April 6, 1926, upon a complaint stating, as a basis for the belief that intoxicating liquors were unlawfully possessed, that complainant had purchased "several drinks of white mule and home-brew in said residence on or about March 30, 1926, and also on or about April 3, 1926." It is not stated on what day the warrant came into the hands of the sheriff of Saline county, but presumably it was delivered to him at once. The warrant was served April 12, 1926, and several bottles of beer were seized. Plaintiff in error was brought to trial before the county court of Saline county upon an information filed by the State's attorney. Prior to the taking of testimony plaintiff in error filed a verified petition to quash the search warrant and impound the beer seized thereunder, contending that in the absence of a showing justifying the delay the officer's authority to search and arrest under the warrant did not continue for six days and had expired at the time of the arrest. The petition was denied and the beer was received in evidence against her. The jury returned a verdict of guilty, and she now prosecutes this writ of error to review the judgment entered thereon.

When in any process, or in the law authorizing it, no time within which the process must be executed and returned is named, the process must be executed within a reasonable time from its issuance and becomes *functus officio* thereafter. If this is not true the time within which such a process may be executed is unlimited and it never becomes *functus officio*, no matter how long its execution is delayed. Ministerial officers assuming to execute judicial

process upon the person or property of a citizen must execute it promptly and precisely. This is especially true of a search warrant, which is a powerful police weapon. The qualities which make it efficient as an aid to enforcing the law make it dangerous when abused. The danger of its use as an instrument of oppression fixed itself so firmly upon the minds of the founders of this government that they erected constitutional barriers against it. Section 6 of article 2 of our constitution provides that "the right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated; and no warrant shall issue without probable cause, supported by affidavit, particularly describing the place to be searched, and the persons or things to be seized." The nature of the search warrant indicates that it shall, when issued, be promptly executed. There is nothing in the law concerning warrants which indicates that a warrant may be held by an officer as a weapon, to be used at his discretion. The legislature has recognized this necessity of the immediate execution of the warrant in prosecutions for illegal possession of intoxicating liquors and has specifically commanded it. Section 30 of the Prohibition act provides, that if the judge before whom complaint is made is satisfied that there is reasonable cause for believing that the person complained against is in illegal possession of intoxicating liquor, he shall issue a search warrant to the proper officer commanding him to *forthwith* enter the place described in the warrant, and, if he find and seize property described in the warrant, to *forthwith* bring the property seized and the person arrested before some judge having cognizance of the case.

The nature of the process and the command of the statute require that a search warrant must be executed with reasonable promptness and not at the unlimited discretion of the officer. The time the officer may take will necessarily vary with the circumstances. The distance to the

place to be searched, the condition of the roads, the facilities for travel, the demands upon the time of the officer, and other circumstances, may make a service delayed for several hours practically immediate and hence executed within a reasonable time. In this case no reason is given for the unusual delay. Plaintiff in error lived in Saline county on Route 13 of the system of State highways, a short distance west of Harrisburg, the county seat, and nothing appears indicating that the warrant could not have been executed on the day it was delivered to the sheriff. No reason whatever is shown for the delay of a week. Promptness in the service of the writ is not only necessary for the preservation of the liberty of the citizen but also for the efficient administration of the law. Every hour's delay, whether caused by the officer's inefficiency or some other factor, endangers the success of the prosecution. If an officer may without excuse hold a search warrant for six days he may hold it for six weeks or six months. The search warrant in this case was either valid when it was executed by the sheriff or it was void. There could be no middle ground. The warrant not having been served within a reasonable time after it was issued became *functus officio* and the search made under it was one made without a warrant. *State* v. *Guthrie,* 90 Me. 448, 38 Atl. 368; *Link* v. *Commonwealth,* 199 Ky. 778, 251 S. W. 1016; Cornelius on Search and Seizure, sec. 141.

It was error to permit the State to introduce in evidence the intoxicating liquors illegally seized. (*People* v. *Castree,* 311 Ill. 392.) With the evidence obtained by the unlawful search stricken from the record none remains which warrants a conviction under the third count of the information, which charged a prohibited possession of intoxicating liquor. The verdict of the jury is based on this count, and so the judgment of the county court must be reversed.

*Judgment reversed.*