THE STATE v. PETE CATALINO, Appellant.—295 S. W. 568.

Division Two, April 9, 1927.

1. **SEARCH WARRANT: Application: Assistant Prosecuting Attorney.** An assistant prosecuting attorney, clothed with the power to assist the prosecuting attorney generally in the discharge of the duties of his office (Sec. 11044, R. S. 1919), is authorized, as a legitimate part of such duties, to make application for a search warrant.

2. ————: **Words of Application.** A petition for a search warrant which definitely describes the place to be searched and the things therein to be seized, verified by the oath of the officer applying for it, complies with the requirements of the statute (Laws 1923, p. 244, sec. 25), and furnishes a sufficient basis for the issuance of the warrant.

3. ————: **Probable Cause.** From a sufficient verified application and evidence heard thereon the justice of the peace may determine that there is probable cause for the belief that the laws prohibiting the manufacture and possession of intoxicating liquor are being violated.

4. ————: **Description of Place.** A description of the place to be searched with sufficient particularity as to enable the officer readily to locate it is sufficient.

5. ————: **Name of Accused.** Under the statute (Sec. 25, Laws 1923, p. 244) it is not necessary to the validity of a search warrant that the name of the accused or the owner of the premises to be searched be stated in the application and the warrant. [Overruling State v. Perkins, 285 S. W. 1021, and State v. Bass, 285 S. W. 1024.]

6. **JURISDICTION: Judge of Another Division: Called by Regular Judge.** In counties of the population of Jackson the judge of the circuit court has authority to call in a judge of another division of the same court to try the case, and need not make a formal statement of his reasons for doing so, and the judge of such other division when so called has jurisdiction to try the case. It is so provided by statute (Sec. 2458, R. S. 1919), and the statute is authorized by the Constitution (Sec. 29, Art. 6).

7. **APPEAL: Assignments Not Considered.** Upon appeal from a judgment in a criminal case, assignments of error relating to the admission and exclusion of evidence, the giving and exclusion of instructions, the quashal of the array of jurors, the refusal of the court to require the State to elect upon which count of the information it would proceed to trial and the argument of the prosecuting attorney, if neither objected to at the time nor pre-

served in the motion for a new trial in the manner required by the Act of 1925 (Laws 1925, p. 198), are not for consideration.

Corpus Juris-Cyc. References: Criminal Law, 17 C. J., Section 3329, p. 51, n. 61; Section 3349, p. 87, n. 43. Intoxicating Liquors, 33 C. J., Section 370, p. 675, n. 96; Section 371, p. 675, n. 98; Section 372, p. 677, n. 15, 16 New, 20 New; Section 375, p. 678, n. 37; Section 381, p. 682, n. 4 New. **Judges,** 33 C. J., Section 204, p. 1024, n. 95.

Appeal from Jackson Circuit Court.—*Hon. Nelson E. Johnson,* Judge.

AFFIRMED.

*James Daleo* and *W. G. Lynch* for appellant.

(1) An assistant prosecuting attorney is not empowered by the prohibitory laws of this State to make application for a search warrant. Sec. 25, Laws 1923, p. 244. (2) Before a justice of the peace, or any other officer or court, can issue a search warrant, under the prohibitory laws of this State, it must satisfactorily appear "either from the facts as set forth in said petition, or from evidence heard thereon, that there is probable cause to believe that intoxicating liquor is being unlawfully manufactured and sold, stored or kept," etc., at the place described. Sec. 25, p. 244, Laws 1923; State v. James, 274 S. W. 111. (3) If, however, the petition does not state sufficient facts for that purpose, then the facts may be shown by evidence presented, sufficient to satisfy the court or justice to whom the petition is presented that probable cause exists. State v. James, 274 S. W. 111. (4) Before a search warrant can be issued, probable cause for its issuance must be shown by facts and circumstances reduced to writing and supported by the oath or affirmation of witnesses. Sec. 11, Art. II, Constitution of Missouri; Laws 1923, p. 244, sec. 25. (5) Probable cause must be established by competent evidence and not by conclusions, beliefs, rumors or guesswork. United States v. Tureaud, 20 Fed. 623; United States v. Polite, 35 Fed. 58; In re Dana, 68 Fed. 894; Giles v. United States, 284 Fed. 208; United States v. Illing, 288 Fed. 931; United States v. Kaplan, 286 Fed. 963; Central Consumers Co. v. James, 278 Fed. 249; Veeder v. United States, 252 Fed. 414; United States v. Patitto, 267 Fed. 603; Wagner v. United States, 8 Fed (2d.) 581; People v. Effelberg, 220 Mich. 528; In re Liquors, 197 N. Y. S. 758; State v. Locke, 259 S. W. 116; United States v. De Loic, 2 Fed. (2d) 377; Cornelius on Search and Seizure, 285—295; Lochnane v. United States, 2 Fed. (2d) 427; Atlantic Food Products Co. v. McClure, 288 Fed. 982; Lepschutz v. Davis, 288 Fed. 974; United States v. Carlson, 292 Fed. 463. (6) It must appear from the affidavit or application

316 Mo.—73.

for the search warrant that the applicant or affiant has personal knowledge of the facts of which he deposes. Cases last cited. (7) The search warrant must describe the place to be searched and the thing or things to be seized as nearly as may be. Laws 1923, p. 244, sec. 25; Section 11, Articles II, Constitution of Missouri; State v. Locke, 259 S. W. 123; State v. Perkins, 285 S. W. 1024; Cornelius on Search and Seizure, 312 to 323; Smith v. McDuffee, 72 Ore. 276, 142 Pac. 558. (8) The name of the accused or the owner of the property should be given in the application and search warrant, if known, and if not known, the fact should be stated. State v. Perkins, 285 S. W. 1024; United States v. Barkowski, 268 Fed. 408; United States v. Kaplan, 286 Fed. 963; Cornelius on Search and Seizure, 312 to 325; Smith v. McDuffee, 72 Ore. 276, 142 Pac. 558. (9) When appellant filed his application for a change of venue, the then statute provided what should be done with the case. Sec. 9, p. 222, Laws 1921; State ex rel. v. Fort, 109 S. W. 738; Coffey v. Carthage, 200 Mo. 616, 98 S. W. 526. (10) Instruction 1 was not based upon the evidence and should not have been given. State v. Frazier, 269 S. W. 410. (11) The verdict should have shown what articles the jury found defendant was in possession of. State v. Frazier, 269 S. W. 410.

*North T. Gentry,* Attorney-General, and *A. B. Lovan,* Assistant Attorney-General, for respondent.

(1) The statute authorizes the prosecuting attorney to make application for a search warrant. Under such statute the assistant prosecuting attorney of Jackson County has authority to act. Sec. 11044, R. S. 1919; State v. White, 251 Mo. 182. (2) The defendant failed to "set forth in detail and with particularity the specific grounds" on which he bases his allegation that the search warrant was wrongfully and illegally obtained in violation of the constitution. Sec. 4079, Laws 1923, p. 198. (3) Appellant limits his assignments of error to four. There is no merit in any of the assignments. But, however that may be, this court cannot consider them because they have not been properly preserved in the motion for a new trial. Sec. 4079, Laws 1925, p. 198. (4) The court did not err in calling in a judge from another division to try the cause. *Ib.* (5) It is clearly and definitely settled by this court that not one of the foregoing assignments is sufficiently preserved in the motion for a new trial. Sec. 4079, Laws 1925, p. 198; State v. Standifer, 289 S. W. 856.

WALKER, J.—The appellant was charged by information in the Circuit Court of Jackson County in two counts; in one with the unlawful possession of a still, worm, mash tub and fermenting tub, fit for use in the production of intoxicating liquor; and in the other

with the unlawful possession of intoxicating liquor, to-wit, forty-five gallons of corn whiskey, containing more than one-half of one per cent of alcohol. Each of these counts charges a misdemeanor. Upon a trial to a jury he was convicted and his punishment, under each count, assessed at a fine of $1,000 and one year's imprisonment in the county jail. From this judgment he appeals.

Before the case was tried the appellant filed a motion to quash the search warrant and suppress the evidence on the ground that the warrant was illegally issued in violation of the Constitution. The court heard the evidence on this motion and overruled it. The constitutional question was preserved in the motion for a new trial.

Upon the trial the whiskey and the still, doubler, worm, and mash tubs, which had been taken from the defendant's residence, were identified by the officers and introduced in evidence before the jury. The written statement of the defendant was introduced in evidence, in which he admitted that the still and the whiskey belonged to him and that he had manufactured it at his residence and had intended to sell it. He did not testify nor offer any testimony.

I. It is contended that an assistant prosecuting attorney is not authorized to make application for a search warrant. While the language of the statute is limited in the granting of authority to officials to petition for a search warrant to the Attorney General and the **Search Warrant.** prosecuting attorney of any county (Laws 1923, p. 244), an assistant prosecuting attorney, clothed by the law of his appointment with power to assist the prosecuting attorney generally in the discharge of the duties of his office, as at bar (Sec. 11044, R. S. 1919), is authorized, as a legitimate part of such duties, to petition for a search warrant. The rule that statutes concerning the issuance of search warrants should be strictly construed does not militate against the correctness of this conclusion. The right to apply for the warrant being one of the prescribed duties of the prosecuting attorney his assistance by virtue of his appointment is invested with like power.

II. The petition for the warrant definitely describes the place to be searched and the things therein to be seized, verified by the oath of the officer applying for the same. This complies with **Application.** the requirements of the statute (Sec. 25, Laws 1923, p. 244; State v. Richardson, 316 Mo. 1014), and furnished a sufficient basis for the issuance of the warrant.

III. From the facts set forth in the verified petition and the showing thereby and thereupon made, it was found by the justice of the peace that there was probable cause to believe that the laws

of the State in regard to the prohibition of intoxicating liquors had

**Probable Cause.** been violated and thereupon the warrant was issued. Not only therefore did it appear from the petition but from evidence heard thereon that cause existed for the issuance of the warrant in conformity with the requirements of the statute (Sec. 25, supra). Where the facts have been thus established the justice of the peace was authorized in determining that probable cause existed for his action. [State v. Hall, 279 S. W. (Mo.) l. c. 106 and cases; State v. Richardson, 316 Mo. 1014.]

IV. The place to be searched was described with such particularity as to readily enable the officer to locate it and the statute in

**Description of Place.** this regard was complied with. [Bragg v. State, 290 S. W. (Tenn.) 1; United States v. Harvey, 298 Fed. 106; Smith v. McDuffee, 72 Ore. 276; Ann. Cas, 1916D, 947 and note.] Ordinarily the description of the property by a street and number is sufficient, provided such street and number covers only a single place of business or an apartment or a residence. [United States v. Friedman, 267 Fed. 857; 24 R. C. L. 712, 713, secs. 16, 17, and notes; 23 Standard Ency. Procedure, p. 385.]

V. The statute (Sec. 25, supra) provides that the application for the search warrant shall be "by petition, setting forth substantially the facts upon which the same is based, describing the place to be

**Name of Accused.** searched and the thing or things to be seized as nearly as may be, which petition shall be verified by the oath of the officer filing the same." It is not necessary to the validity of the warrant that the name of the accused or the owner of the premises to be searched be stated in the application and the warrant. Cases in other jurisdictions holding to the contrary are under statutes requiring the name of the owner to be stated in warrants for the search of premises and the seizure of things found therein.

Numerous cases have arisen in Federal jurisdictions and in other states in which the validity of the proceedings was challenged on account of a failure to name the owner in the warrant when the purpose of the latter was simply to authorize the search of a place and the seizure of things therein. In such cases it has been held that the naming of the owner was not a prerequisite to the validity of the warrant. [Petition of Barber, 281 Fed. 550; United States v. Doe, 127 Fed. 983; Gandreau v. United States (C. C. A.), 300 Fed. 21; United States v. Camarota, 278 Fed. 388; United States v. Borkowski, 268 Fed. 408; Boyd v. State, 14 N. E. (Ind.) 355; Metcalf

v. Weed, 66 N. H. 176; State v. Moore, 125 Iowa, 749; Sec. 95, p. 156, McFadden on Prohibition, and cases.]

Under our statutes, therefore, which does not require the name of the owner of premises sought to be searched to be stated in the warrant (which in so doing does not violate any constitutional provision), there is no authority for a holding that in addition to describing the premises to be searched with reasonable certainty the name of the owner of the same shall be stated. The cases of the State v. Perkins, 285 S. W. (Ct. Apps.) 1021, and State v. Bass, 285 S. W. (Ct. Apps.) 1024, which hold to the contrary, are therefore over-ruled.

VI.   There is no merit in the contention that the circuit court erred in calling in a judge from another division of the same court to try the cause. While Section 29 of Article VI of the State Constitution only provides in the event of the sickness, absence or inability from any cause, of the judge of any circuit to hold a term or part of a term of court that he may call in the judge of another circuit, the same section provides that "the General Assembly shall make such additional provisions for holding court as may be found necessary." This has been done by the enactment of Section 2458, Revised Statutes 1919, which provides, among other things, in counties of the population of Jackson in which this case was tried: "Wherein by law terms of court are required to be held, and where said court shall consist of more than two divisions, of which each shall be presided over by a separate judge, whenever the judge of any division of said circuit court shall be sick, absent, or from any cause is unable to hold any term or part of term in such division, such terms or part of term may, by request of such judge of such division, be held by a judge of any other division of said circuit court."

In construing this section in Johnston v. Ragan, 265 Mo. l. c. 443, it was held to be constitutional, and that the legislative power was not restricted to calling a judge from another circuit; in so doing, the judge was held to be acting in obedience to an express statute, and that the formal statement of his reasons therefor was not necessary. This ruling was followed in Hargadine-McKittrick v. Garesche, 227 S. W. l. c. 829, and the validity of this practice was also upheld in State ex rel. v. Allen, 235 Mo. 298, in regard to a like course of procedure in the Eighth Judicial Circuit (City of St. Louis), in which it was held that the judge of the court who complies with such a request does not intrude into the judicial premises of the judge who invites him or encroach on his jurisdiction for the judicial authority he exercises arises from his election and qualification as a judge of the same circuit.

**Judge of Another Division.**

VII. The search warrant conformed to the requirements of the statute which we have held does not contravene either the State or the Federal Constitution. The affirmative declarations of the application for the writ were sufficient to authorize the justice of the peace in finding that there was probable cause for the issuance of the same. In addition the justice heard testimony in regard thereto, thus supplementing the affirmative declarations of the writ and supporting the averments as to probable cause. When the writ was issued it was directed to an officer authorized to execute the same. The objections urged, therefore, to the regularity of these proceedings are technical and without merit, and the court did not err in overruling the motion to suppress the testimony.

**Assignments.**

Errors complained of in regard to the admission and exclusion of testimony, including the exhibits introduced in evidence, the giving and refusing of instructions, the quashal of the array of jurors, the refusal of the court to require the State to elect on which count it would proceed to trial and the argument of the prosecuting attorney were either not objected to at the time nor preserved in the motion for a new trial in the manner required by Section 4079, as enacted in 1925, Laws 1925, page 198, and as a consequence are not for our consideration. [State v. Standifer, 289 S. W. (Mo.) 856; State v. Loftis, 316 Mo. 878.]

The appellant interposed no defense in the trial court, other than technical. He admitted the possession of the still and other accessories thereto and that he intended to use them in the manufacturing of intoxicating liquor.

The judgment is affirmed. All concur.