THE STATE v. IDA MILLER, Appellant.—46 S. W. (2d) 541.

Division Two, February 17, 1932.

*Stratton Shartel,* Attorney-General, and *C. A. Powell,* Assistant Attorney-General, for respondent.

COOLEY, C.—By an information filed in the Circuit Court of Vernon County the defendant, Ida Miller, was charged with unlawful possession of intoxicating liquor. On her application a change of venue was awarded and the cause was sent to the Circuit Court of Bates County where it was tried. Defendant was convicted and after an unavailing motion for new trial was sentenced pursuant to the verdict to thirty days' imprisonment in the county jail and has appealed. The appeal is properly lodged in this court because of constitutional questions timely raised and duly preserved.

The evidence upon which defendant was convicted was obtained by a search of her premises, a restaurant having a rear room not open to the public, made under a search warrant which had been issued by a justice of the peace. Before the trial defendant filed a motion to quash the search warrant for certain reasons alleged, also to suppress the evidence obtained by the search thereunder on the ground that there had been an unreasonable delay in executing the warrant and that the search when made was unauthorized and unreasonable and violative of defendant's rights under Section 11 of Article 2 of the State Constitution.

The court heard evidence upon the motion. The warrant was issued upon the written and verified application of the prosecuting attorney, pursuant to the provisions of Section 4511, Revised Statutes 1929. The application was dated and filed with the justice on April 28, 1930, and the search warrant was on that day issued and delivered to the sheriff to be served. It could have been executed that day. It was not executed or attempted to be executed by the officer until May 10, 1930, twelve days later. The only reason or explanation of the delay in executing the warrant was that given by the sheriff to whom it had been directed, who testified in substance as follows: That after he got the warrant he learned that defendant had been informed that he had such warrant and from the information he received he was convinced that it would be useless to make a search at that time because "they were looking out and had everything cleaned up," and if he had searched defendant's premises then he would have found nothing. He therefore concluded to wait until some later time when he "thought there was some liquor there."

He testified: "I used my own judgment on it the next time." He thought conditions on defendant's premises would be changing from time to time,—"one time there would be liquor there and another time there wouldn't be any there." On the evening of May 10th he saw a man who was "pretty drunk" go into defendant's restaurant and later come out, from which he concluded "they were selling that day," and he thereupon entered the building and made the search under the warrant, finding a small quantity of intoxicating liquor in the rear room.

The court overruled defendant's motion to suppress the evidence obtained by the search as well as the motion to quash the warrant and the evidence thus obtained was used at the trial, constituting the only evidence offered tending to sustain the charge against defendant. The conclusion we have reached on the question thus presented renders unnecessary a statement of the facts developed at the trial. The search of defendant's premises under the circumstances was illegal and defendant's motion to suppress the evidence obtained thereby should have been sustained.

This question, so far as we are advised, has not heretofore been considered by this court. A similar question was before the Springfield Court of Appeals in State v. Perkins, 220 Mo. App. 349, 285 S. W. 1021. In that case the prosecuting attorney filed with a justice of the peace his petition for a search warrant to which he was sworn at that time but the justice did not then attach his jurat to the petition. The justice and the constable who was to serve the warrant agreed that the warrant should not issue until the constable informed the justice that he wanted it. That he did seven or eight days later, whereupon the justice attached his jurat to the petition, dating it as of that date, and issued the warrant which was served the same day it was issued. In a well reasoned opinion the Court of Appeals held the search invalid because of such intentional delay in the issuance of the warrant. The same reasoning condemns the search as invalid in the instant case.

In State v. Barr, 20 S. W. (2d) 599, the St. Louis Court of Appeals held that an unexplained delay of six days in serving a search warrant did not render the search thereunder invalid, distinguishing the case before it from the Perkins case on the ground that there was no showing of connivance between the magistrate who issued the warrant and the officer serving it or of a designed delay in executing the warrant. No mention is made in the opinion of the statute relative to search warrants. The Barr case, however, if correctly decided, a question we need not here determine, is not authority for holding a search invalid when made under circumstances such as appear in the instant case.

The Constitution, Article 2, Section 11, guarantees to all immunity from unreasonable searches and seizures and further provides that "no warrant to search any place, or seize any person or thing, shall issue without describing the place to be searched or the person or thing to be seized, as nearly as may be; nor without probable cause, supported by oath or affirmation reduced to writing." The determination of whether or not there is probable cause is a judicial question which cannot be delegated to the officer charged with the duty of executing the warrant. [State v. Lock, 302 Mo. 400, 259 S. W. 116, 128.] The Constitution and the statutes enacted pursuant thereto necessarily contemplate that the facts warranting the conclusion of probable cause must exist at the time of such judicial finding, not that they will or may come into existence thereafter. A search warrant cannot legally be issued upon a showing, not that the law has been or is being violated, but only that it may or probably will be violated at a time, near or remote, in the future. [See Poston v. Commonwealth, 201 Ky. 187, 256 S. W. 25; Cornelius' Search and Seizure (2 Ed.) sec. 168, p. 423.]

The same constitutional and statutory provisions also contemplate that the warrant shall be executed with reasonable promptness and not at the unlimited discretion of the officer who is to execute it. The nature of the process and the danger of its abuse, as well as the command of the statute, so require. Such warrant is a powerful police weapon. The qualities which make it an efficient aid in enforcing the law make it dangerous when abused. It may then become an instrument of oppression, wherefore the constitutional barriers that have been erected against such abuse. Our statute, Section 4511, supra, expressly provides that the officer executing the warrant shall do so *forthwith* and shall forthwith make his return thereon showing the manner and date of his execution thereof, what, if anything, was seized, etc. No discretion is conferred upon such officer to hold the warrant until such time as he may choose to serve it (People v. Fetsko, 332 Ill. 110, 163 N. E. 359) and certainly none to withhold its execution until such time as *in his judgment* the execution thereof may produce results more satisfactory either to him or to the State, thus making himself the judge of the existence of probable cause for the search at the time it is made. The warrant itself, in this case, commanded the officer to serve and return it forthwith, following the statute.

Search warrant proceedings, it is generally held, are strictly construed and "every constitutional and statutory requirement must be observed or the search will be illegal." [Cornelius' Search and Seizure, supra, Section 184, page 452.] See also same work, Section 230, page 538, et seq., stating that since such proceedings are strictly

construed and are directed to existing, not to contemplated, violations of law and for other reasons mentioned it is generally held that such warrants shall be executed "promptly, fully and precisely and that the time of execution is as essential as any other element," citing among other cases State v. Guthrie, 90 Me. 448, 38 Atl. 368. Where no time is fixed by statute it 'is generally held that the warrant must be executed within a reasonable time.

In State v. Guthrie, supra, a well reasoned case, a warrant to search for intoxicating liquors was issued on July 20th. The officer to whom it was directed held it, apparently needlessly, until July 23rd when he assumed to execute it, finding and seizing some liquor. The Maine statute required the officer to "make immediate return of said warrants" and to have any person arrested "forthwith" before the magistrate for trial. The court interpreted the statute to mean that the warrant should be executed "'immediately' and 'forthwith' and not in the unlimited discretion of the officer," and held that what is a reasonable time within which the service of such warrant can lawfully be made is a question of law for the court, adding: "The officer is not held to more than reasonable promptness. The time he may take—the reasonable time—necessarily varies with the circumstances. The hour of the day of making the complaint, the distance of the place to be searched, the state of the weather, the condition of the roads, the lack of facilities for travel, the obstructions met, and other circumstances may make a long-delayed service practically immediate and forthwith, and hence within a reasonable time." The needless delay in serving the warrant in that case was held to have rendered it *functus officio* and the search invalid. Answering a suggestion sometimes made by those whose zeal for the enforcement of certain laws causes them to forget or overlook the importance of maintaining the constitutional safeguards of personal liberty which time and experience have shown to be necessary, the court well said:

"It is suggested that the prosecution often needs to obtain search warrants in advance, in order to have them in readiness to seize the liquors at the moment of deposit before they can be concealed; that such a procedure is very efficacious and even essential to circumvent the cunning of liquor sellers; and that the rule here evolved will nullify it. If such a practice obtains it should be nullified. No prosecution can be lawfully begun, no criminal process lawfully issued, before the offense is committed. The practice suggested, if it obtains, is a scandalous abuse of legal process based upon the perjury of the complainant and subjecting all concerned in it to penalties and damages."

The Supreme Court of Illinois, in People v. Wiedeman, 324 Ill.

66, 154 N. E. 432, a. liquor prosecution, had before it the same question under constitutional and statutory provisions similar, so far as this question is concerned, to ours. In that case the search warrant was served six days after its issuance. The delay was unnecessary and the court held that because thereof the warrant when executed had become *functus officio* and that the evidence obtained by the search should have been suppressed. The court cited and followed the reasoning of State v. Guthrie, supra. In both State v. Guthrie and People v. Wiedeman, supra, it is correctly said that there is nothing in the law concerning search warrants which indicates that such warrant may be held by the officer as a weapon to be used at his discretion.

The views above expressed also find support in principle in the following cases: People v. Chippewa Circuit Judge, 226 Mich. 326; People v. Mushlock, 226 Mich. 600; Link v. Commonwealth, 199 Ky. 778, 251 S. W. 1016; State v. Pachesa (W. Va.), 135 S. E. 908.

In Hiller v. State (Wis.), 208 N. W. 260, it was held that a delay of three days in executing the warrant did not render the search invalid. It does not appear that Wisconsin had a statute requiring the warrant to be served forthwith and the court said it did not appear that the warrant had been held back by the officer as a menace to the defendant.

Farmer v. Sellers, 89 S. C. 492, 72 S. E. 224, was a damage suit for the alleged unlawful killing of an officer who was attempting to execute a search warrant some forty-eight days after it had been issued. There was no statutory requirement such as ours that the warrant should be forthwith executed. The court, however, said that it should be served with reasonable promptness but held that while the delay seemed long it could not be said under the circumstances there shown "that no other conclusion can be drawn than that the delay was so unreasonable as to destroy the force of the warrant," and, following a rule that appears to have been in vogue in that state in such matters, held that it was a question for the jury. That case goes farther than any other we have found in allowing delay in serving a search warrant but even if we followed it it would not sustain the validity of the search in the instant case for the court also held that: "A warrant cannot be legally enforced by an officer so long after its issuance that the search could not be reasonably referred to a bona fide effort for the recovery of the *particular property therein mentioned. It cannot be held back by an executive officer as a menace to the citizen.*" (Italics ours.) Clearly the warrant cannot legally be so held back.

Respondent herein cites State v. Barr, supra; State v. Pachesa, supra, and State v. John (W. Va.), 136 S. E. 842. In the Pachesa

case the court held that an unexplained delay of fifty days in executing the search warrant rendered it *functus officio* and the search thereunder invalid. The court said, *arguendo*, "as search warrants are a species of process exceedingly arbitrary in character which ought not to be resorted to except for very urgent and satisfactory reasons, the rules of law applicable to them should be strictly construed," citing Cooley on Const. Lim. (7 Ed.), page 429. The reasoning of the court as to the principles involved is in line with that of the Maine and Illinois courts in the cases above cited. There was no West Virginia statute requiring such warrants to be executed forthwith or within a stated time.

In State v. John, supra, the court could not .agree whether or not an unexplained delay of fifteen days in executing the warrant rendered the search thereunder invalid and did not determine that question, deciding the case on other grounds. None of the cases cited nor any we have been able to find sustains the validity of a search under facts and conditions such as appear in the instant case. .

We shall not attempt to lay down any hard and fast rule as to the time within which, after its issuance, a search warrant must in all cases be executed in order to make the search valid under our Constitution and statute. We think it true, as pointed out in State v. Guthrie, supra, that the time may necessarily vary according to the circumstances. But we have no hesitation in holding that the search in the case at bar, under the circumstances shown, was unauthorized and illegal, therefore unreasonable. It is apparent from the record presented that without the evidence procured by the unlawful search the State cannot make a case against this defendant and it would be useless to remand the cause. The judgment of the circuit court is reversed and the defendant is discharged. *Westhues* and *Fitzsimmons, CC.*, concur.

PER CURIAM:—The foregoing opinion by Cooley, C., is adopted as the opinion of the court. All of the judges concur.