STATE of Missouri, Respondent,

v.

Roger JACKSON, Appellant.

No. WD 44573.

Missouri Court of Appeals, Western District.

Jan. 14, 1992.

Lee M. Nation, Trimble, for appellant.

William L. Webster, Atty. Gen., Hugh L. Marshall, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, C.J., and TURNAGE and FENNER, JJ.

LOWENSTEIN, Chief Judge.

The appellant, Roger Jackson, was court tried and convicted of possession of meth-

amphetamine, and sentenced to six years. His appeal turns on the trial court's failing to suppress, and allowing in evidence, the illegal substance found on Jackson and in his home. The highway patrol had obtained a search warrant based on an informant's statement of having seen the substance in Jackson's home "within the last 48 hours." Six days after the warrant for the search of Jackson's home was issued, it was executed.

Within the sole point on appeal, Jackson contends there was not sufficient probable cause to issue the warrant two days after a small amount of the drug was seen in his home; the warrant was "stale" some six days after issuance and any probable cause ceased to exist; and, the warrant did not support a personal search. He presents no authority relating to the proposition that the warrant's issuance two days after information was received rendered it invalid, nor for the proposition of the invalidity of the search of his person, and they are denied.

With regard to the contention of no probable cause existing to suspect contraband in his house some six days after issuance of the warrant, Jackson directs the court to *State v. Miller*, 329 Mo. 855, 46 S.W.2d 541, 541 (1932). *Miller* involved unlawful possession of liquor in Vernon County. No execution was attempted on the warrant for twelve days. *Id.* The sheriff testified it could have been executed immediately but he understood the defendant knew of the search warrant and "had everything cleaned up," and so watched the premises to determine from the changing conditions the right time to execute. The Supreme Court ruled the seized evidence should have been suppressed. The court noted there was no hard and fast rule as to time to execute, *id.* at 544, but under the then statute which required the officer to execute "forthwith," there was no discretion for the sheriff to hold the warrant for execution until such time as "results more satisfactory" seemed likely, *Id.* at 542. In *Miller*, there was evidence that probable cause ceased to exist, and the officer was not allowed to wait for new cause to come into existence.

In the case at bar there is utterly no reason to believe anything happened to extinguish the probable cause required for issuance of the warrant during the six days until execution. Section 542.276.8, RSMo Cum.Supp.1990, reads:

> A search warrant shall be executed as soon as practicable and shall expire if it is not executed and the return made within ten days after the date of the making of the application.

This portion of the statute is followed by subsection 10.(7) which states that any warrant not executed within the ten day requirement is deemed invalid. The ten day duration is similar to Rule 41(c) under the Federal Rules.

No Missouri court has invalidated a warrant under § 542.276 where execution was made in the ten day limit. In *State v. Perkins*, 220 Mo.App. 349, 285 S.W. 1021, 1023 (1926) (overruled on other grounds, *State v. Catalino*, 316 Mo. 1152, 295 S.W. 568, 570 (1927)), there was a deliberate execution delay of some seven or eight days arising out of an agreement between the justice of the peace and the constable. Thus, it was more than the mere passage of time that invalidated the constitutional requirement of probable cause in *Perkins, id.*

This court looks with approval on the language of the district judge in *United States v. Byars*, 762 F.Supp. 1235, 1249 (E.D.Va.1991), that "staleness" is resolved by looking at all the factors, including the "nature of the unlawful activity alleged, the length of the activity, and the nature of the property seized to evaluate whether probable cause still existed," *Byars* at 1249 (quoting *United States v. McCall*, 740 F.2d 1331, 1336 (4th Cir.1984)). Further, *Byars* noted that it is "relevant, though not dispositive, that the execution of the warrant in issue occurred within the time periods prescribed by [the] rules," *id.* at 1239. *Byars* involved drug trafficking, and a nine day delay did not result in the warrant's probable cause becoming stale, given the ongoing, continuous nature of the alleged activity supporting the warrant, *id.*

In a drug case similar to the case at bar, the Eighth Circuit held for the government, *United States v. Simpkins*, 914 F.2d 1054 (1990), *cert. denied, Simpkins v. United States,* — U.S. —, 111 S.Ct. 997, 112 L.Ed.2d 1081 (1991). The court said a five day delay in execution would not invalidate the warrant, *id.* at 1059. *See also United States v. Nepstead,* 424 F.2d 269, 271 (9th Cir.1970), *cert. denied, Nepstead v. United States,* 400 U.S. 848, 91 S.Ct. 50, 27 L.Ed.2d 86 (1970), where the court found no prejudice to the defendant from a six day delay.

*United States v. Shegog,* 787 F.2d 420 (8th Cir.1986), also involving drugs, dealt with an eight day delay in execution. The court noted the ten day limit under the federal rule and Missouri state law, *id.* at 422. The court noted no facts in the record where the police had reason to believe probable cause had waned. The opinion said:

> It is generally accepted, however, that a warrant need only be executed within a reasonable time after its issuance.... Timeliness of execution should not be determined by means of a mechanical test with regard to the number of days from issuance, nor whether any cause for delay was per se reasonable or unreasonable. Rather it should be functionally measured in terms of whether probable cause still existed at the time the warrant was executed.... [Where] the initial probable cause which supported the issuance of the warrant continued to exist at the time of the search, despite a delay in the execution of the warrant ... the element of judicial control is not undermined by delay.... *Shegog,* 787 F.2d at 422 (quoting *United States v. Bedford,* 519 F.2d 650 (3rd Cir.1975), *cert. denied,* 424 U.S. 917, 96 S.Ct. 1120, 47 L.Ed.2d 323 (1976)).

This court concludes that there was sufficient evidence of probable cause to execute the warrant. *State v. Hodges,* 705 S.W.2d 585, 588 (Mo.App.1986). The defendant's bare allegation that probable cause dissipated within the ten day limit for execution will not alone suffice to suppress the validly issued warrant.

The judgment is affirmed.