(No. 20964.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MILLARD BOWERS, Plaintiff in Error.

*Opinion filed December 17, 1931.*

ALPHEUS GUSTIN, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, D. F. RUM-SEY, State's Attorney, J. J. NEIGER, A. N. TOLLIVER, and S. D. WISE, for the People.

Mr. COMMISSIONER PARTLOW reported this opinion:

Plaintiff in error, Millard Bowers, was convicted in the county court of Saline county upon an information charging him with the illegal possession of intoxicating liquors. He was sentenced to the penal farm and has prosecuted a writ of error from this court to review the judgment.

The evidence shows that several months prior to December 27, 1930, a warrant was placed in the hands of the sheriff of Saline county for Ed Bragg, who was charged with violating the Prohibition law. Shortly afterwards Bragg changed his place of residence. There was evidence tending to show that officers tried to find him but did not succeed. About December 1, 1930, a new sheriff came into office. On the night of December 27, 1930, the sheriff and three or four of his deputies, accompanied by the State's attorney, were driving over the county in motor cars. They testified that they were informed by certain parties that Bragg was at the house of plaintiff in error. The sheriff did not at that time have the warrant with him. The officers reached the home of plaintiff in error about 10:00 o'clock P. M. Some of them went to the front door and others went to the back door. Plaintiff in error opened the back door and had a conversation with the officers. They told him they were looking for Bragg and had been informed that he was at the house of plaintiff in error. Plaintiff in error said that Bragg was not there, and he informed the officers where Bragg lived. The officers asked him if he had any objections to their making a search of the premises for Bragg. There is a conflict in the evidence as to what reply was made. The evidence of the officers

tends to show that plaintiff in error consented to the search, while his evidence is that he refused to permit them to do so. The officers entered the house and in a pantry found a keg containing several gallons of whisky. The State's attorney and two of the officers then went to Eldorado to get a search warrant. They stopped at the house where Bragg was living and arrested him and took him to the city jail at Eldorado. They secured a search warrant for the house of plaintiff in error and returned to the house and a search was made. Plaintiff in error was arrested and the officers took possession of the whisky. Before the trial was started plaintiff in error made a written motion to suppress the evidence on the ground that at the time of the search the officers did not have a search warrant. The court heard evidence on this question, the motion was overruled, and this is the only question which is argued in this court.

Plaintiff in error insists that he has been deprived of the constitutional rights granted him by sections 6 and 10 of article 2 of the constitution of Illinois because his home was searched without probable cause or without a legal search warrant and that he was compelled to give evidence against himself. He insists that the question is whether officers without a warrant can make a general explorative search of a dwelling house and after finding articles which are evidence of a crime bring the parties in possession of the articles into court on a criminal prosecution, without violating the constitutional rights of the parties.

Section 118 of chapter 110 of our statutes (Smith's Stat. 1931, p. 2216,) provides that appeals from and writs of error to circuit courts in all criminal cases below the grade of felony shall be taken directly to the Appellate Court, and that in all criminal cases above the grade of misdemeanors, and in all cases in which a franchise or freehold or the validity of a statute or the construction of the constitution is involved, and in cases in which the validity of a municipal ordinance is involved in which the trial judge

shall certify that in his opinion the public interest so requires, and in all cases relating to the revenue, or in which the State is interested as a party or otherwise, shall be taken directly to the Supreme Court.

The motion to suppress the evidence was supported by the affidavit of plaintiff in error, in which he alleged upon information and belief that the officers did not have a search warrant for his dwelling house at the time the search was made but that they entered without any authority from him and against his protest and that during the search they found the whisky in the pantry. The evidence on this motion was in conflict. The evidence of plaintiff in error was that the search was without his permission and without a warrant. The evidence of the officers was that he gave them permission to make the search. There is no question in this case as to the construction of sections 6 and 10 of article 2 of the constitution with reference to unlawful search and seizure and with reference to a person being required to give testimony against himself. The law applicable to search and seizure and the suppression of evidence has been fully determined by this court on several occasions and that rule of law is not here in question. (*People* v. *Wiedeman,* 324 Ill. 66; *People* v. *Castree,* 311 id. 392; *People* v. *Brocamp,* 307 id. 448.) In determining who of the witnesses were telling the truth no constitutional question is involved and no construction of the constitution but simply a question of fact, and it is subject to review by the Appellate Court and not by this court.

Under the statute the writ of error should have been from the Appellate Court for the Fourth District, and the cause is transferred to that court.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Cause transferred.*