(No. 26433.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ELIHU TOTTEN *et al.* Plaintiffs in Error.

*Opinion filed November 24, 1941.*

J. L. MCLAUGHLIN, and U. G. WARD, for plaintiffs in error.

GEORGE F. BARRETT, Attorney General, and JOSEPH B. SIEMER, State's Attorney, for the People.

Mr. JUSTICE SHAW delivered the opinion of the court:

The plaintiffs in error, Elihu Totten and Mabel Totten, husband and wife, were indicted in the circuit court of Effingham county, charged with burglary and grand larceny. They were tried before a jury and found guilty of petit larceny. This writ of error has been sued out to review that judgment.

Briefly, the evidence tends to show that on September 14, 1940, two calves were stolen from the farm of August Niebrugge in Effingham county. They were later discovered in the barn at the home of plaintiffs in error and returned to the owner. Elihu Totten was arrested and taken to jail and later his wife was arrested. Between the arrests officers called at their home and asked Mrs. Totten for a change of clothing for her husband. She gave them a shirt, overalls and a pair of shoes. The shirt and overalls

were given to him but the shoes were retained by the officers. Before the trial of the cause a motion was filed to suppress all evidence concerning the shoes and praying for their return to the plaintiffs in error. Plaintiffs in error offered evidence in support of the motion. The People offered no evidence at that time, but, during the trial, and out of the presence of the jury, offered testimony in opposition. The shoes in question were then admitted in evidence and the trial proceeded.

Plaintiffs in error contend that this court has jurisdiction to hear this cause because they say the action of the officers in obtaining and retaining the shoes was a direct violation of the fourth and fifth amendments to the constitution of the United States and sections 6 and 10 of article 2 of the constitution of the State of Illinois.

The evidence in favor of and in opposition to the motion was in conflict. The plaintiffs in error testified that the shoes were obtained without the consent of Elihu Totten and without a warrant. On the other hand, the officers testified that they were obtained from Mrs. Totten at her husband's request, but were later withheld from him when it was discovered that the heels bore markings similar to heelprints in the dust at the place from which the calves were taken. This raises no question of the construction of either the State or Federal constitutions with reference to unlawful search and seizure, or to a person being required to give testimony against himself. The rule of law applicable has been passed on by us on numerous occasions (*People* v. *Bowers,* 346 Ill. 445; *People* v. *Castree,* 311 id. 392; *People* v. *Brocamp,* 307 id. 448;) and is not in question here.

Under section 14 of division 15 of the Criminal Code (Ill. Rev. Stat. 1941, chap. 38, par. 780½) the writ of error should have been from the Appellate Court for the Fourth District and the cause is transferred to that court.

*Cause transferred.*