(No. 18940.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MIKE FETSKO, Plaintiff in Error.

*Opinion filed October 25, 1928.*

J. D. WILSON, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, FRANK M. RAMEY, State's Attorney, and ROY D. JOHNSON, (LESTER K. VANDEVER, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error was tried in the county court of Montgomery county on an information consisting of two counts, the first of which charged him with the unlawful possession of intoxicating liquor. The second count charged him with the unlawful possession of a still. He was found

guilty on both counts and sentenced to pay a fine of $300 and costs on the first count and $200 and costs on the second count. Prior to the trial plaintiff in error filed a motion to impound and suppress the evidence secured by search and seizure under a search warrant, on the ground that the search warrant was illegal and violated his constitutional rights. This motion was denied. Plaintiff in error brings the cause here because a constitutional question is involved.

The complaint for a search warrant was filed and sworn to on the 28th day of August, 1927, and the search warrant was issued on that day. Search and seizure were made on the 7th day of September, 1927, ten days after the issuance of the search warrant, and the first question arising on this record is whether, by reason of the delay, the search warrant became *functus officio.*

In *People* v. *Wiedeman,* 324 Ill. 66, where the service of a search warrant was delayed six days without a showing of sufficient reason therefor, it was held that the warrant had become, prior to the service thereof, *functus officio.* The rule was laid down that a search warrant must be executed with reasonable promptness and not at the unlimited discretion of the officer whose duty it is to serve the same; that the time the officer may take necessarily varies with circumstances, such as the distance to the place to be searched, condition of the roads, facilities of travel and the demands upon the time of the officer. In this case it is shown that Montgomery county by the census of 1920 had a population of 41,403; that the distance from Hillsboro, the county seat, to Coalton, the residence of plaintiff in error, is approximately fifteen miles; that a State hard road, Route 16, connects Hillsboro and Nokomis, which is within two miles of Coalton; that the hard road extends to within approximately a quarter mile of plaintiff in error's residence and the balance of the road is cindered. The record also shows that the sheriff of that county had at that time eight regular deputies; that there were in the

office of the sheriff between the 28th of August and the 7th of September twenty search warrants and that one deputy served them all. It is stated by the sheriff and certain of his deputies that this search warrant was served as soon as possible. There is, however, no showing of circumstances supporting this conclusion. No reason is shown why other deputies might not have served this warrant, nor is the existence of an unusual amount of official business during that period shown by the evidence.

Section 29 of the Prohibition act provides that if the judge before whom complaint is made is satisfied of the existence of reasonable cause for believing that the person against whom the complaint is directed is in illegal possession of intoxicating liquor such judge shall issue a search warrant to a proper officer commanding him to forthwith enter the place described in the warrant, and if he find therein property described in the warrant, he shall forthwith bring it, together with the person arrested, before some judge having jurisdiction of the cause. The nature of a search warrant requires that when issued it shall be promptly executed. No discretion is conferred on the officer whose duty it is to serve the warrant to do so at his convenience. Unless a showing is made which reasonably accounts for the delay the warrant becomes *functus officio* and a search made under it is made without a warrant. *People* v. *Wiedeman, supra; State* v. *Guthrie,* 90 Me. 448, 38 Atl. 368; *Link* v. *Commonwealth,* 199 Ky. 778, 251 S. W. 1016; Cornelius on Search and Seizure, sec. 141.

Plaintiff in error's counsel objected to the admission in evidence of the articles seized under the search warrant. The objection was overruled. This was error. (*People* v. *Castree,* 311 Ill. 392.) The conviction was based entirely on that incompetent evidence.

The judgment of the county court must therefore be reversed and the cause remanded.

*Reversed and remanded.*