STATE OF CONNECTICUT *v.* VINCENT FERRIGNO ET AL.

CIRCUIT COURT

FOURTEENTH CIRCUIT
FILE No. CR 14-92492

Memorandum filed February 5, 1969

*Cornelius Shea,* prosecuting attorney, for the state.

*Joseph J. Fauliso,* of Hartford, for the defendants.

SPONZO, J. The defendants have moved to suppress certain evidence seized as the result of the execution of a search and seizure warrant and further move that the property be returned to them.

The defendants allege that the search and seizure were illegal and in violation of rights guaranteed to all persons under the provisions of the constitution of the United States as well as the constitution of the state of Connecticut. They cite several reasons on which they base their claims, but the principal reason is that the warrant was illegally executed and therefore the search and seizure were illegal and void.

The facts in this case may be summarized as follows: On December 13, 1968, Captain John Roach, Lieutenant B. Rucci, and Detective Joseph J. Costardo, all members of the Hartford police department, presented an application for a search and seizure warrant to a judge of the Circuit Court. In compliance with the provisions of § 54-33a of the General Statutes of Connecticut, this application was accompanied by an affidavit signed by the above-named officers. This affidavit stated that the affiants had probable cause to believe that certain property such as policy slips, numbers, gambling paraphernalia, etc., was located at the Franklin Tile Company, 270 Franklin Avenue, Hartford, Connecticut, and was being used or might be used to commit the crime of policy, in violation of § 53-298 of the General Statutes, and the crime of gambling, in violation of § 53-277. In reliance on this affidavit, the judge found probable cause existed and on the same day issued a search and seizure warrant in which he commanded any police officer, within a reasonable time after the date of the warrant, to enter upon and search the premises located at 270 Franklin Avenue together with certain named persons. During a hearing in connection with this motion, Captain Roach testified that this warrant was executed on December 27, 1968, at about 10:50 p.m., after a consultation with the chief prosecutor as to the validity of the warrant. Captain Roach also testified

that between December 13, 1968, and December 27, 1968, he, as well as members of his department, visited the subject premises almost daily and that the only reason the warrant was not executed was the fact that it would have been a futile gesture, in that there was no gaming, policy, or pool selling type of activity occurring on the premises prior to December 27, 1968. Captain Roach decided what was the appropriate time to execute the warrant. As a result of the execution of the warrant, certain property was seized and several arrests were made. The testimony of Captain Roach was corroborated by Sergeant Frank.

Section 54-33c of the General Statutes requires that a search warrant shall be executed and returned with reasonable promptness. The crucial question in this case is whether the warrant was served with reasonable promptness after a lapse of fourteen days. If the execution was not made with reasonable promptness, the entire search would be illegal and any property seized would be inadmissible as evidence at a trial. In *State* v. *Cesero,* 146 Conn. 375, where a search warrant had not been executed for a period of twenty-two days after issuance, the court ordered a new trial because the trial court rendered judgment without considering the validity of the warrant. The court held that a determination of the validity of the warrant, with reference to the execution of the warrant after a lapse of twenty-two days, was vital.

The validity of the warrant or the authority of the officer under it to enter upon the prescribed premises does not depend upon what he finds after entry. It is an integral principle in our system of law and government that ministerial officers executing judicial process on person or property of citizens must do so promptly and precisely, especially in the

case of a search warrant, which is a sharp, heavy and powerful police weapon. The qualities which make it efficient as an aid to enforcing the law make it dangerous when abused. The danger of the use of a search warrant as an instrument of oppression fixed itself so firmly upon the minds of the founders of this government that they erected constitutional barriers against it. *People* v. *Wiedeman,* 324 Ill. 66. Search warrants must be executed with reasonable promptness and not at the unlimited discretion of the officers whose duty it is to serve them, and the time the officer may take varies with circumstances such as distance to the place to be searched, condition of roads, weather conditions, facilities of travel, demands upon the time of the officer, obstructions met, and other circumstances. *People* v. *Fetsko,* 332 Ill. 110; *State* v. *Guthrie,* 90 Me. 448.

Nothing in the complaint or warrant or in the law relating to it indicates that the warrant is to be held by the magistrate or officer as a weapon to be used at his discretion. The very nature of the search warrant indicates that when complaint is made the warrant, if issued at all, should be promptly issued and executed. The purpose is to seize the property alleged to be at that time in the place to be searched, to prevent its removal or further concealment.

In this case no justifiable circumstances were shown to indicate why the warrant was not executed prior to December 27, 1968, after a lapse of fourteen days. The only reason given was that the officer did not think it was timely to execute the warrant inasmuch as no illegal activity was observed prior to this date. Nothing appears to indicate that the warrant could not easily have been executed on the day the complaint was made. Such a delay of fourteen days was needless and unreasonable, and did not comply with § 54-33c of the General Statutes.

No prosecution can be lawfully begun, no criminal process lawfully issued, before the offense is committed. *State* v. *Guthrie,* supra. It is suggested that the prosecution often needs to obtain search warrants in advance in order to have them in readiness to seize the illegal articles at the moment of deposit, before they can be concealed. This argument is contrary to the law.

Accordingly, the motion to suppress must be and is hereby granted, and the property seized is ordered returned to the rightful owner.