Commonwealth *v.* McCants, Appellant.

Argued June 21, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Francis S. Wright,* Assistant Defender, with him *John W. Packel,* Assistant Defender, and *Vincent J. Ziccardi,* Defender, for appellant.

*Milton M. Stein,* Assistant District Attorney, with him *Mark Sendrow,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, September 30, 1971:
Judgment of sentence affirmed.

---

DISSENTING OPINION BY SPAULDING, J.:
I respectfully dissent.

Appellant John McCants appeals from a conviction for possession of narcotic drugs by the Honorable Peter F. HAGAN of the Court of Common Pleas of Philadelphia County, sitting without a jury.

Prior to trial, appellant moved to suppress the evidence alleging it was seized pursuant to an invalid search warrant. At the pretrial suppression hearing, Officer Kutz of the Philadelphia Police Department testified that he had been told by a "reliable informant" that the latter had witnessed appellant engaged in illegal drug transactions on May 8 and May 15 of 1970. Based on this information, Officer Lutz placed appellant's home under surveillance on May 19 and 20. He testified that on those dates he witnessed a number of "known drug users" enter and leave appellant's apartment. A search warrant was issued on May 22 and on June 5 the warrant was executed. The search produced 0.8 grams of marijuana and 2.4 grams of heroin. Appellant's motion to suppress was denied and he was subsequently found guilty and sentenced.

Appellant contends that the unexplained fifteen day delay in executing the warrant rendered it invalid and all evidence seized pursuant to that warrant should have been suppressed. "Timeliness" is an essential fea-

ture of the Fourth Amendment's mandate of "reasonableness". In the instant case, I believe that appellant's constitutional rights were violated where there was an unexplained fifteen day delay in the execution of the warrant.

"The proceeding by search warrant is a drastic one," *Sgro v. United States,* 287 U.S. 206 (1932), and must be carefully circumscribed so as to prevent unauthorized intrusions of "the sanctity of a man's home and privacy of life." *Boyd v. United States,* 116 U.S. 616 (1886). The very nature of a search warrant indicates that it must be promptly executed. The warrant is based and issued on a *judicial* determination of *in praesenti* grounds. The purpose is to seize the thing alleged to be present at that time in the place to be searched and to prevent further concealment. *State v. Guthrie,* 90 Me. 448, 38 A. 368 (1897) ; *Mitchell v. United States,* 258 F. 2d 435 (1958) (BAZELON, J., concurring). Probable cause at one point in time does not mean it continues to exist indefinitely. It means *now*—at the time application for the warrant is made, not whenever a police officer believes the opportune moment has come. Since the duties of the police officer are ministerial and not judicial, *Vallindras v. Massachusetts Bonding & Insurance Co.,* 42 C. 2d 149, 265 P. 2d 907 (1954) ; *Cave v. Superior Court, County of San Mateo,* 267 C.A. 2d 517, 73 Cal. Reptr. 167 (1968), the determination of when there is probable cause must remain solely a judicial question which cannot be delegated to the police officer charged with the duty of executing the warrant.

Delays of a shorter duration than the one in this case have been held "unreasonable" in many jurisdictions where the applicable statute required the "immediate" or "forthwith" execution. See *Cave,* supra (seven day delay held invalid) ; *State v. Guthrie,* supra (three day delay held invalid) ; *State v. Ferrigno,* 5

Conn. Cir. 468, 256 A. 2d 795 (1969) (fourteen day delay held invalid); *People v. Fetsko,* 332 Ill. 110, 163 N.E. 359 (1928) (ten day delay held invalid).

It is true that police officers must be given a certain latitude when performing the often dangerous task of executing a warrant and there are circumstances which would permit delay in execution. In the instant case, the record reveals nothing with respect to the necessity for a delay.

The very purpose of the Fourth Amendment as recognized in countless decisions is to safeguard the privacy and security of the individual against arbitrary invasions by governmental authorities. I believe the instant case involved such an arbitrary invasion and for this reason, I must dissent.

I would remand for a hearing to determine whether there was proper cause for the fifteen day delay in the execution of the warrant.

HOFFMAN, J., joins in this dissenting opinion.