**UNITED STATES of America, Appellee,**

v.

**Gregory SHEGOG, Appellant.**

**No. 85–1930.**

United States Court of Appeals, Eighth Circuit.

Submitted March 14, 1986.

Decided March 27, 1986.

Walter L. Brady, Jr., St. Louis, Mo., for appellant.

J. Bennett Clark, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before McMILLIAN and BOWMAN, Circuit Judges, and HANSON,* Senior District Judge.

McMILLIAN, Circuit Judge.

Gregory Shegog appeals from a final judgment entered in the District Court[1] for the Eastern District of Missouri upon a jury verdict finding him guilty of possession with intent to distribute phencyclidine (PCP) in violation of 21 U.S.C. § 841(a)(1) (count I) and unlawful possession of firearms in violation of 18 U.S.C. app. § 1202(a)(1) (count II). The district court sentenced appellant to a term of twenty years imprisonment and a special parole term of six-years for count I and to a term of thirty years imprisonment for count II, to be served concurrently with the sentence imposed for count I. For reversal appellant argues the district court erred in denying his motion to suppress physical evidence because there was unreasonable delay in the execution of the search warrant. For the reasons discussed below, we affirm the judgment of the district court.

During the week of February 24, 1985, local police detectives received information from a reliable confidential informant that appellant, whom the informant identified by name and physical description, and another man, identified by his age, race and first name only, were selling large quantities of PCP from a particular house. Police surveillance of the house on several occasions during the weeks of February 24, 1985, and March 3, 1985, corroborated the informant's tip about a man matching the description given by the informant engaged in apparent illegal drug activity. The informant also told the detectives that he or she had been inside the house in question within the last twenty hours and had seen a large quantity of what the informant believed to be PCP. On the basis of this information, the detectives applied for and obtained a state search warrant on March 4, 1985. However, later that day, after the search warrant had been issued, the same informant advised the detectives that appellant was out of PCP but was expecting more to come in. The informant stated that he or she would contact the detectives when the PCP arrived. On the basis of this new information, the detectives decided not to execute the search warrant immediately but to wait until the PCP had been delivered. During the morning of March 12, 1985, eight days after the search warrant had been issued, the informant told the detectives there was PCP at appellant's house. The detectives immediately executed the search warrant and seized a large quantity of PCP, packaging materials and two firearms from appellant's room. At the time of the search the detectives knew that appellant had prior felony convictions.

Appellant argues the district court erred in denying his motion to suppress. Appellant argues that the eight-day delay between the issuance and execution of the search warrant was unreasonable and invalidated the search and that the detectives could not have objectively believed in good faith that the delay in execution was rea-

---

* The Honorable William C. Hanson, United States Senior District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

1. The Honorable Clyde S. Cahill, United States District Judge for the Eastern District of Missouri.

sonable. The government argues that the search warrant was supported by probable cause and the delay in execution was not unreasonable under the circumstances. The government further argues that the search warrant was executed and the return filed within ten days of issuance as required by Fed.R.Crim.P. 41(c)(1) and state law. Alternatively, the government argues that if the delay in execution was unreasonable and as a result the search was invalid, the detectives executed the search warrant in good faith on the basis of a reasonable belief that it was still valid and therefore the evidence should not be suppressed.

■ The evidence was seized by state authorities pursuant to a state search warrant. However, the evidence seized was used in a *federal* prosecution and is admissible only if the search complied with the requirements of the fourth amendment. *Elkins v. United States,* 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669 (1960).

Search warrants are to be executed "promptly." "If the police were allowed to execute the warrant at leisure, the safeguard of judicial control over the search which the fourth amendment is intended to accomplish would be eviscerated." *United States v. Bedford,* 519 F.2d 650, 655 (3d Cir.1975), *cert. denied,* 424 U.S. 917, 96 S.Ct. 1120, 47 L.Ed. 323 (1976).

> It is generally accepted, however, that a warrant need only be executed within a *reasonable* time after its issuance.... Timeliness of execution should not be determined by means of a mechanical test with regard to the number of days from issuance, nor whether any cause for delay was per se reasonable or unreasonable. Rather it should be functionally measured in terms of *whether probable cause still existed at the time the warrant was executed.*
>
> ....
>
> ... [Where] the initial probable cause which supported the issuance of the warrant continued to exist at the time of the search, despite a delay in the execution of the warrant ..., the element of judi-

cial control is not undermined by delay....

*Id.* at 655–56 (emphasis in original and emphasis added, footnotes omitted). In *United States v. Dunnings,* 425 F.2d 836, 840–41 (2d Cir.1969) (nine-day delay in execution), *cert. denied,* 397 U.S. 1002, 90 S.Ct. 1149, 25 L.Ed.2d 412 (1970), Judge Friendly explained:

> To permit agents to make the judgment that the averments of the affidavit are again satisfied, after a period of doubt, does not undercut the policy requiring an independent judicial determination of the existence of probable cause. The commissioner had already concluded that the facts recited in the affidavit were sufficient to establish probable cause. The determination that the facts on June 22 [when the warrant was executed] corresponded to the facts stated in the June 13 affidavit is one which the agents would have made even if they had returned to the commissioner to bring the affidavit up to date....

■ The record in the present case shows probable cause existed at the time the search warrant was issued on March 4 and *continued* to exist at the time the search warrant was executed on March 12. The essential facts set forth in the affidavit, which the state court had already determined were sufficient to establish that there was probable cause to believe that PCP, packaging materials and currency would be found in appellant's house, had not substantially changed during the eight-day period of delay between the issuance and execution of the search warrant. The information about the subsequent delivery of PCP on March 12 corresponded to the facts contained in the March 4 affidavit about the informant's prior personal observation of PCP and supplemented rather than reduced the circumstances which supported probable cause. Because there was continuing probable cause at the time the search warrant was executed, the search warrant was not unreasonably executed.

We note that the question about unreasonable delay in execution of the March 4

search warrant could have been avoided entirely had the detectives applied for and obtained a *second* search warrant on March 12 on the basis of the informant's additional information. Whether or not a period of delay in execution is unreasonable necessarily depends upon the facts and circumstances of each case. We are satisfied that, under the specific facts and circumstances of the present case, the eight-day delay between the issuance and execution of the search warrant was not unreasonable, given the almost exact correspondence between the facts recited in the March 4 affidavit and the facts as they existed on March 12 and the continuing nature of the suspected criminal activity. Nonetheless, the government would be well advised to obtain successive search warrants rather than speculate about the existence of continuing probable cause.

The district court did not err in denying appellant's motion to suppress. Accordingly, the judgment of the district court is affirmed.