UNITED STATES of America,
Plaintiff-Appellee,

v.

Arnoldo MORENO–HINOJOSA,
Defendant-Appellant.

No. 85–2817.

United States Court of Appeals,
Fifth Circuit.

Nov. 7, 1986.

Ron Barroso, Corpus Christi, Tex., (Court-appointed), for defendant-appellant.

James R. Gough, Asst. U.S. Atty., Henry K. Oncker, U.S. Atty., Susan L. Yarbrough, Asst. U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before GEE, POLITZ and WILLIAMS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

A one count indictment charged that Arnoldo Moreno-Hinojosa and Mario Narcisco Maldonado knowingly possessed over fifty kilograms of marihuana with the intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). The defendants received separate trials and each was convicted. Moreno-Hinojosa appeals his conviction on two grounds: (1) that the trial court improperly admitted evidence of two prior convictions for marihuana possession and (2) that the evidence is insufficient to support his conviction. We believe that the district judge did not err by admitting the evidence of Moreno's prior convictions. We find, however, that the evidence, viewed most favorably to the government, cannot support the conviction. We reverse.

## I. *Facts*

Both Moreno and Maldonado worked as truck drivers for the Bissard Corporation in

the summer of 1985. General Motors Corporation produces auto parts in Matamoros, Mexico, near the Brownsville, Texas border. Bissard ships these parts from Brownsville to GM plants throughout the country. Thus, Bissard trucks carry full loads north from Brownsville and return empty to south Texas.

On August 1, 1985, at about 2:00 a.m. Maldonado drove a Bissard tractor-trailer rig up to the U.S. Border Patrol's Sarita checkpoint, north of the Rio Grande Valley. Moreno was a passenger in the tractor. Maldonado seemed nervous, and the border patrol asked him to open the trailer. He did, and an agent found 208 kilograms (about 450 pounds) of marihuana in boxes wrapped in plastic.

The evidence at trial showed that Moreno did not have a key to the tractor or the trailer. Moreover, Moreno's fingerprints did not appear on the marihuana packages, and government agents could find no marihuana residue on Moreno's clothes or boots. After his arrest, Moreno told agents that he was hitching a ride with Maldonado to Corpus Christi to look for work. He stated that he knew Maldonado, though not well, and that his wife drove him to Maldonado's house earlier that night to catch the ride. He did not reveal that he knew Maldonado from work.

Moreno's employer testified that business was slow at Bissard during the summer of 1985 and that many drivers, perhaps half of them, were looking for different jobs. In the six weeks before his arrest, Moreno earned about $865. He had $200 in his pocket when he was arrested. Moreno claimed that he had been out of work for four or five days; actually two days earlier he had made a short trip for Bissard. In addition, Maldonado's truck was empty when stopped at the checkpoint—except for the marihuana and some pallets. Moreno's employer testified that an experienced driver can tell whether a trailer is full or empty. Thus, perhaps Moreno may have known or should have known that Maldonado was driving an emp-

ty truck north, probably without authorization. The government offered no other evidence establishing Moreno's possession of the marihuana.

## II. *Evidence of the Extrinsic Crimes*

At appellant's trial, the government introduced evidence of two prior convictions for possessing marihuana with intent to distribute. The trial court admitted the convictions under Rule 404(b), Federal Rules of Evidence, which provides that:

> Evidence of other crimes ... is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of ... opportunity, intent, [or] knowledge....

Rule 403, Federal Rules of Evidence, provides that a court may exclude even relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice. Under these rules, evidence of a prior crime is admissible when (1) it is relevant to an issue other than the defendant's character and (2) its unfairly prejudicial effect does not substantially outweigh its probative value. *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc), *cert. denied*, 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1979).

■ Moreno's prior convictions—for marihuana possession in 1979 and 1980 near the Sarita checkpoint—involved the same elements as the charged offense, so they were relevant to his most recent trial. *Id.* at 913. In addition, considering the similarities among the prior and charged offenses and the government's weak case in this trial, the evidence had considerable probative value. *Id.* at 914–15. The trial judge balanced this probative value against the unfairly prejudicial effect before admitting the evidence, and we may review his decision for an abuse of discretion. *See United States v. Jackson*, 576 F.2d 46, 49 (5th Cir.1978). The trial judge did not err by admitting the evidence of extrinsic crimes.[1]

---

1. Appellant Moreno did not include a transcript of the jury instructions in the appellate record,

III. *Sufficiency of the Evidence*

 To prove the charged offense, the government most show beyond a reasonable doubt that Moreno possessed marihuana, that he intended to distribute it, and that he did these two things knowingly. *United States v. Tolliver,* 780 F.2d 1177, 1183 (5th Cir.1986). We must review the evidence in the light most favorable to the government and affirm if substantial evidence supports the conviction. *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942). We must reverse if a reasonable jury must have had a reasonable doubt about guilt. *United States v. Ocanas,* 628 F.2d 353, 360 (5th Cir.1980), *cert. denied,* 451 U.S. 984, 101 S.Ct. 2316, 68 L.Ed.2d 840 (1981). We recognize that possession may be actual or constructive, joint among several people and proved by circumstantial evidence. *United States v. Ferg,* 504 F.2d 914, 916 (5th Cir.1974). To establish constructive possession, the government must show that Moreno controlled, or had the power to control, the truck or the marihuana; mere proximity to the drugs is not enough. *Id.* at 916–17; *Tolliver,* 780 F.2d at 1183–84.[2]

The facts have been detailed above. In sum, the incriminating evidence showed, at most, that Moreno knew Maldonado, rode on a trip he may have known was improper, had $200 in cash, had two prior convictions, and misrepresented to some degree his job situation and friendship with Maldonado to government agents after his arrest. Even if Moreno knew that Maldonado was making an illegal marihuana run, this fact would not be sufficient evidence to establish his possession without an additional showing that he was riding in the truck to participate in the possession and distribution. The government did not make this additional showing even circumstantially beyond a reasonable doubt. Bis-

sard drivers were looking for work elsewhere. Further, there was no evidence to connect Moreno's person to the marihuana. The evidence cannot justify a jury verdict of guilty beyond a reasonable doubt of possessing marihuana with intent to distribute.

We reverse the conviction and direct entry of a judgment of acquittal.

REVERSED AND RENDERED.

---

so we do not know whether and how the judge limited the use of the prior convictions. We note, however, that the judge indicating after the close of evidence that he would give some kind of limiting instruction. Proper instructions may reduce the risk of unfair prejudice. *See Beechum,* 582 F.2d at 917.

**2.** The jury could infer from the quantity of marihuana that, if Moreno possessed the marihuana, he intended to distribute it. *United States v. Freeze,* 707 F.2d 132, 135 (5th Cir.1983). We reverse only the finding that Moreno knowingly possessed the marihuana.