884 F.2d 581
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Duane RICHMOND and Darlene Richmond, Defendants-Appellants.
 Nos. 88-4069, 88-4074.
 United States Court of Appeals, Sixth Circuit.
 Sept. 8, 1989.
 
 Before KRUPANSKY and RYAN, Circuit Judges, and LIVELY, Senior Circuit Judge.
 RYAN, Circuit Judge.
 
 
 1
 Defendants Duane Richmond and Darlene Richmond appeal from their convictions after trial by jury. The jury found both defendants guilty of possession of over 500 grams of cocaine with intent to distribute, 21 U.S.C. Sec. 841(a)(1) and (b)(1), and possession of a firearm after a felony conviction, 18 U.S.C. Secs. 922(g)(1) and 924; the jury also convicted Duane Richmond of causing a false statement to be made in the acquisition of a firearm, 18 U.S.C. Secs. 922(a)(6) and 924. We affirm, except as to Duane Richmond's conviction for possession of cocaine, which we conclude is not supported by sufficient evidence. We therefore reverse Duane Richmond's conviction on this count and remand for resentencing.
 
 I.
 
 2
 At approximately 9:15 a.m. on February 19, 1988, Cincinnati police officers, acting upon information provided by a confidential police informant, obtained a warrant to search defendant Darlene Richmond's apartment at 3553 Handman. At approximately 1:30 p.m. on February 22, 1988, officers executed the warrant, finding Darlene Richmond and two children at the apartment. Pursuant to the warrant, the officers seized various items in the apartment, including a triple-beam scale, a digital scale, a .22 caliber Rohm pistol, and a locked metal safe. The officers directed a locksmith to open the safe, inside of which they found a Dan Wesson pistol and more than two kilograms of cocaine and a number of zip lock transparent bags.
 
 
 3
 In June 1988, a superceding indictment was returned charging Darlene Richmond and Duane Richmond as follows:
 
 
 4
 Count I--Darlene Richmond and Duane Richmond with possession, with intent to distribute, of over 500 grams of cocaine, 21 U.S.C. Sec. 841(a)(1) and (b)(1)(B)(ii), and 18 U.S.C. Sec. 2.
 
 
 5
 Count II--Darlene Richmond with possession of a firearm shipped in interstate commerce, after having been convicted of a felony, 18 U.S.C. Secs. 922(g)(1) and 924.
 
 
 6
 Count III--Duane Richmond with possession of a firearm shipped in interstate commerce, after having been convicted of a felony, 18 U.S.C. Secs. 922(g)(1) and 924.
 
 
 7
 Count IV--Duane Richmond with causing a false statement to be made in the acquisition of a firearm, 18 U.S.C. Secs. 922(a)(6) and 924.
 
 
 8
 Defendants pleaded not guilty to all counts, and Darlene Richmond filed a motion, which Duane Richmond joined, to suppress evidence that had been seized pursuant to the search warrant on the ground that the warrant was not executed within three days of issuance as required by Ohio R.Crim.P. 41(c). After a hearing, the district court denied the motion to suppress, holding that the search was not rendered unreasonable under the fourth amendment by the approximately 76-hour delay between issuance and execution of the warrant. The court further held that Duane Richmond lacked standing to challenge the search because there was no showing that he had an expectation of privacy in Darlene Richmond's apartment.
 
 
 9
 On August 1, 1988, defendants' trial commenced and on August 3, 1988, the jury found defendants guilty on all counts. In November 1988, the district court sentenced Darlene Richmond to 72 months' imprisonment and four years' supervised release, and Duane Richmond to 121 months' imprisonment and four years' supervised release. Both defendants timely filed this appeal.
 
 II.
 
 10
 Both defendants contend that the district court erred by denying their motion to suppress evidence obtained in the search of Darlene Richmond's apartment. Defendants argue that this search violated Ohio R.Crim.P. 41(C)[1] and the fourth amendment because it was not conducted within three days of issuance of the search warrant. The district court held:
 
 
 11
 The ultimate issue to be determined by this Court ... is the reasonableness of the search pursuant to the requirements of the fourth amendment.... [T]here is nothing in the record to indicate that the circumstances, related in the officer's affidavit affording probable cause for the issuance of the search warrant, changed before it was executed, the Court finds the delay in the execution of the search warrant did not render the search unreasonable nor did it constitutionally prejudice the defendant.
 
 
 12
 The admissibility in federal court of evidence obtained in a search conducted by state authorities turns on whether the search complied with the fourth amendment.[2] Elkins v. United States, 364 U.S. 206, 223-24 (1960). Although search warrants generally must be executed promptly, some delay is allowed between issuance and execution of a warrant, so long as the warrant is executed within a "reasonable" time after issuance.
 
 
 13
 "It is generally accepted ... that a warrant need only be executed within a reasonable time after its issuance.... Timeliness of execution should not be determined by means of a mechanical test with regard to the number of days from issuance, nor whether any cause for delay was per se reasonable or unreasonable. Rather it should be functionally measured in terms of whether probable cause still existed at the time the warrant was executed."
 
 
 14
 United States v. Shegog, 787 F.2d 420, 422 (8th Cir.1986) (emphasis in original) (eight-day delay reasonable).
 
 
 15
 Defendants concede that probable cause supported the warrant when issued on Friday morning, February 19, and they make no argument, nor is there any evidence in the record, to suggest that probable cause did not continue to exist on Monday, February 22, when the warrant was executed. Because there is no indication that the three-day delay in any way diminished the cause justifying the search, we hold that the search did not violate the fourth amendment and that the district court properly denied the motion to suppress.[3]
 
 III.
 
 16
 Both defendants assign as error the district court's denial of their motion for mistrial. This motion was made after the prosecution elicited testimony by Cincinnati Police Officer Ruberg, that he had overheard a controlled drug purchase by a wired informant at 3553 Handman on February 18, 1988. The trial court sustained defense counsel's hearsay objection to the reference to the alleged drug sale, instructed the jury that it should not consider the testimony "for any purpose," and took defense counsel's motion for mistrial under advisement. At the conclusion of the proofs, the trial court held that evidence of the controlled drug purchase was inadmissible under Fed.R.Evid. 404(b) because its prejudicial impact outweighed its probative value. The court nonetheless denied defendants' mistrial motion "in view of the cautionary instruction given by the Judge and in view of the fact that the testimony was eliminated or stopped before the defendants were ever implicated or involved."
 
 
 17
 A denial of a motion for mistrial is reviewed for abuse of discretion. United States v. Atisha, 804 F.2d 920, 926 (6th Cir.1986), cert. denied, 479 U.S. 1067 (1987).
 
 
 18
 [A] determination of the fairness to the accused is the primary concern in ruling upon a mistrial motion; if, by admitting this evidence, the trial was not rendered unfair, we do not believe the district court can be said to have abused its discretion by denying defendant's motion for mistrial.
 
 
 19
 Atisha, 804 F.2d at 926-27. "[T]he single most important factor in [deciding a mistrial motion] is the extent to which the defendant has been prejudiced." United States v. Tarantino, 846 F.2d 1384, 1413 (D.C.Cir.), cert. denied, 109 S.Ct. 174 (1988).
 
 
 20
 With regard to Duane Richmond, we find no serious risk of prejudice as the result of the limited testimony of a transaction that allegedly occurred at Darlene Richmond's apartment and in which he was not implicated. We therefore hold that the district court did not abuse its discretion in denying his motion for mistrial.
 
 
 21
 Regarding Darlene Richmond, we do not agree with the district court that "the testimony was eliminated or stopped before [she] was ever implicated or involved." Officer Ruberg testified that the controlled drug purchase occurred at 3553 Handman--which was later identified as Darlene Richmond's address--and that he "heard a conversation between the informant and a female and heard what we felt was a drug transaction." These statements were likely to have implicated Darlene Richmond in the jury's eyes. Nonetheless, we do not think that Darlene Richmond was sufficiently prejudiced by this testimony that it was an abuse of discretion for the district court to deny her motion for mistrial. The district court instructed the jury to disregard the testimony and, more importantly, there was overwhelming evidence of Darlene Richmond's guilt--the police seized over two kilograms of cocaine, scales, and packaging materials from her apartment. In light of this abundant evidence of guilt, we hold that Darlene Richmond was not prejudiced by the admission of the limited testimony of the drug purchase such that the district court abused its discretion in denying the motion for mistrial.[4]
 
 
 22
 We affirm the district court's denial of defendants' motion for mistrial.
 
 IV.
 
 23
 Duane Richmond assigns as error the district court's denial of his motion for acquittal, made at the conclusion of the government's proofs. He contends that insufficient evidence supports his conviction on Count I, which charged possession, with intent to distribute, of over 500 grams of cocaine, 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2. In reviewing a trial court's denial of a motion for acquittal, this court must " 'consider the evidence as a whole, taken in the light most favorable to the Government, together with all legitimate inferences to be drawn therefrom, to determine whether a rational trier of fact could have found guilt beyond a reasonable doubt.' " United States v. Adamo, 742 F.2d 927, 932 (6th Cir.1984) (citations omitted), cert. denied, 469 U.S. 1193 (1985).
 
 
 24
 To prove Duane Richmond's guilt on Count I, the government had to prove beyond a reasonable doubt that he knowingly possessed the cocaine with intent to distribute it or that he knowingly aided and abetted Darlene Richmond in such conduct. Because it is uncontroverted that Duane Richmond was not in actual possession of the cocaine seized, the government was required to prove constructive possession. " 'Constructive possession exists when a person does not have actual possession but instead knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others.' " United States v. Reeves, 794 F.2d 1101, 1105 (6th Cir.) (citations omitted), cert. denied, 479 U.S. 963 (1986). The government contends that the following evidence established Duane Richmond's constructive possession of the cocaine: 1) a fingerprint of Duane Richmond's on a plastic bag found in the safe at Darlene Richmond's apartment; 2) a fingerprint on a scale seized at the apartment; and 3) a gun owned by Duane Richmond found in the safe.
 
 
 25
 Viewing this evidence in a light favorable to the government, we hold that it is insufficient for a rational fact-finder to have found Duane Richmond guilty of constructive possession of the cocaine or aiding and abetting Darlene in the possession of the cocaine. First, based on the appellate record, it was not established that the plastic bag with Duane Richmond's fingerprint--one of nine bags seized from the safe--even contained cocaine. The only record evidence before this court on this question is the testimony of Officer Oliver, who stated that this plastic bag (Exhibit 10) was "one of the plastic bags that contained some of the white powder that was brought in to me and it has my badge number on it."
 
 
 26
 Even if it is established that the plastic bag contained cocaine, Duane Richmond's fingerprint on it and on the triple beam scale are not evidence of "dominion and control" such that it could be said that he constructively possessed the drugs. In United States v. Stephenson, 474 F.2d 1353 (5th Cir.1973), the Fifth Circuit reversed a conviction for possession of heroin, where "[t]he only evidence of any link between [defendant] and the heroin was latent fingerprints of his found on seventeen of the envelopes [that contained heroin].... [N]o evidence was ever offered ... that [defendant's] fingerprints were placed on these envelopes when they contained heroin." 474 F.2d at 1354. "[T]he bare presence of [defendant's] fingerprints on seventeen of the glassine envelopes was not, without more, sufficient evidence of guilt to have submitted the case to the jury." 474 F.2d at 1355. Likewise, in this case, the government points to no record evidence that would establish a nexus between Duane Richmond and the cocaine, from which it could be rationally inferred that he exercised "dominion and control" over the drugs and was therefore in constructive possession of them.
 
 
 27
 The government also failed to adduce evidence to establish that Duane Richmond had control over the premises on which the drugs were found or that he and Darlene Richmond were involved in a "joint venture" involving the drugs. On the record before this court, there is no evidence that Duane Richmond ever even visited Darlene Richmond's apartment; indeed, there is no evidence establishing any connection between Duane and Darlene Richmond, other than the fact that they have the same last name.
 
 
 28
 Because the government does not cite any evidence to support an inference that Duane Richmond exercised dominion and control over the drugs or that he knowingly aided and abetted Darlene Richmond in such conduct, we conclude that a rational fact finder could not have found Duane Richmond guilty on Count I beyond a reasonable doubt. We therefore reverse his conviction on Count I and remand with instruction that the district court enter a judgment of acquittal on that count and resentence Duane Richmond.[5]
 
 
 29
 AFFIRMED in part, REVERSED and REMANDED in part.
 
 
 
 [1]
 Rule 41(C) provides that search warrants "shall command the officer to search, within three days, the person or place named for the property specified."
 
 
 [2]
 Therefore, we do not consider whether the search in this case was violative of Ohio R.Crim.P. 41(C)
 
 
 [3]
 The district court also properly held that Duane Richmond lacked "standing" to challenge the search of Darlene Richmond's apartment. Duane Richmond fails to point to any evidence that he possessed a "legitimate expectation of privacy" in Darlene Richmond's apartment. See Rawlings v. Kentucky, 448 U.S. 98, 104 (1980)
 
 
 [4]
 Darlene Richmond argues that the evidence of the controlled drug sale was the only evidence of her intent to distribute the cocaine. We disagree. Perhaps the most probative evidence on this element was the substantial quantity of cocaine seized, from which the jury could infer an intent to distribute. See United States v. Moreno-Hinojosa, 804 F.2d 845, 847 n. 2 (5th Cir.1986). Her intent to distribute the drugs could also be inferred from the scales, plastic bags and other packaging supplies seized from her apartment
 
 
 [5]
 In light of this holding, we do not reach Duane Richmond's challenge to the sentence imposed on Count I