IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50064
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

FELICIANA HERNANDEZ,

                                        Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Western District of Texas
USDC No. EP-99-CR-1051-2-DB
--------------------
July 24, 2000

Before DAVIS, EMILIO M. GARZA and DENNIS, Circuit Judges.

PER CURIAM:[*]

Feliciana Hernandez appeals the jury verdict finding her guilty of (1) conspiracy to import marijuana; (2) importation of marijuana; (3) conspiracy to possess marijuana with intent to distribute; and (4) possession of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a), 846, 952, 963. We affirm.

Hernandez failed to renew her motion for judgment of acquittal at the close of all the evidence, or within seven days of the jury's discharge. FED. R. CRIM. P. 29(a), (c). Therefore,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

our review is limited to the "manifest miscarriage of justice" standard, under which we determine whether the record is so devoid of evidence of guilt or the evidence is so tenuous on an essential element as to render the verdict shocking. See United States v. Galvan, 949 F.2d 777, 783 (5th Cir. 1991).

We do not infer lightly a defendant's knowing participation in a drug conspiracy. See United States v. Dean, 59 F.3d 1479, 1485 (5th Cir. 1995). In addition, the marijuana was hidden in the vehicle, and Hernandez was a passenger and did not exercise control over the vehicle. Thus additional evidence of guilt is required. See United States v. Reyna, 148 F.3d 540, 544 (5th Cir. 1998); United States v. Moreno-Hinojosa, 804 F.2d 845, 847 (5th Cir. 1986). However, Hernandez' demeanor during her post-arrest interview and her implausible story to the Customs agents that she was going to purchase materials despite having no currency or wallet with her, support an inference of guilty knowledge.

Further, Adame's testimony demonstrated that Hernandez was familiar with the drug suppliers who paid her to accompany Adame, and that she had made similar trips before. Although Adame admittedly hoped to receive leniency in sentencing as a result of his testimony, and although his testimony does contain some inconsistencies, these facts do not render his testimony as a whole incredible. See United States v. Westbrook, 119 F.3d 1176, 1190 (5th Cir. 1997). When viewed through the prism of the manifest miscarriage of justice standard, we cannot say that the evidence is insufficient to support the jury's verdict.

We also reject Hernandez' claim that the district court erred in admitting Adame's plea agreement and in failing to give a cautionary instruction. Hernandez failed to object, and her counsel concurred in the admission of the plea agreement, limiting review to either the plain error standard or the invited error doctrine. See United States v. Lemaire, 712 F.2d 944, 948-49 (5th Cir. 1983); United States v. Mattoni, 698 F.2d 691, 694-95 (5th Cir. 1983). Hernandez' conclusional allegation that the admission of the agreement prejudiced her is unsupported, and we note that the government did not attempt to use the agreement as substantive evidence of Hernandez' guilt. Further, Hernandez herself was able to use the agreement to attack Hernandez' credibility. The admission does not rise to the level of plain error, much less require reversal under the more stringent invited error doctrine. See Mattoni, 698 F.2d at 694-95; United States v. Gray, 626 F.2d 494, 501 n.2 (5th Cir. 1980).

As for Hernandez' contention that a limiting instruction should have been given at the time the agreement was introduced, Hernandez requested no such instruction, limiting our review again to plain error. See United States v. Waldrip, 981 F.2d 799, 805 (5th Cir. 1993). The district court charged the jury in its general instructions that the plea agreement could not be considered as evidence of Hernandez' guilt, and the government made no attempt to use the plea agreement to demonstrate that Hernandez was guilty. The district court did not plainly err. See id.

AFFIRMED.