# United States Court of Appeals
## For the Eighth Circuit

_____

No. 11-3342

_____

United States of America

*Plaintiff - Appellee*

v.

Zachary James Kruse

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa, Waterloo

_____

Submitted: October 10, 2014
Filed: March 5, 2015
[Unpublished]

_____

Before MURPHY, SMITH, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Zachary Kruse appeals from the district court's[1] denial of his motion to suppress evidence of a firearm used to prove the government's charge that he was a felon in possession of a firearm. We affirm.

## I. *Background*

In early 2010, the Mitchell County Sheriff's Office began surveillance of Kruse's apartment, suspecting Kruse sold marijuana. At the outset, officers observed several cars that belonged to known or suspected drug users on the street parked outside of Kruse's apartment after business hours. Officers also saw these people coming out of Kruse's apartment. Officers searched five trash bags, suspected to be Kruse's, that were placed on the sidewalk under Kruse's second story apartment. This "trash rip" revealed marijuana seeds, marijuana stems, and documents bearing Kruse's name.

The primary officer leading the investigation submitted these and other facts[2] in an affidavit and obtained a warrant to search Kruse's apartment for several items, including drugs, drug paraphernalia, other evidence that would support drug dealing activity, and "[f]irearms and ammunition." The warrant was issued by a magistrate

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

[2]A few days later, officers arrested Noah Juenger, who was found in possession of marijuana and a marijuana pipe. Juenger admitted to officers that he had recently come from Kruse's apartment. Next, seven days after the first trash search, officers searched another two bags of trash suspected to be Kruse's and found more marijuana seeds and stems. Officers then talked to the owner of the store on the first floor of the building where Kruse's apartment was located. The owner of the store told officers that Kruse rented the apartment above the store and that Kruse usually left his trash on the sidewalk once a week for trash pickup. The owner stated that the trash for the store is usually put in a box, supporting the officers' belief that the trash bags that they searched belonged to Kruse.

judge on March 4, 2010, but officers did not conduct the search until March 8 in order to wait until other suspects were present in the apartment. Additionally, the small sheriff's office needed to wait until its officers' schedules aligned to have the necessary manpower to execute the warrant.[3]

Ultimately, the officers found marijuana, drug paraphernalia, and a semi-automatic rifle with ammunition in a gun case; the rifle was found in Kruse's bedroom closet. The rifle belonged to Peter Lee Short, who told police that Kruse gave him permission to leave the rifle in the apartment, which Kruse confirmed.

The government charged Kruse with one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1). Kruse moved to suppress the evidence of the firearm. A magistrate judge recommended the motion be denied, and the district court agreed after a de novo review. The district court rejected Kruse's arguments that the warrant lacked probable cause, that the four-day delay in executing the warrant dissipated any probable cause that existed at the time the warrant was issued, and that the warrant was overbroad in allowing the search for firearms.

After the court denied Kruse's motion to suppress, he pleaded guilty to the government's charge, and the district court sentenced Kruse to 57 months' imprisonment. Kruse now brings this appeal challenging the district court's denial of his motion to suppress.

## II. *Discussion*
### A. *Probable Cause*

On appeal, Kruse first argues that the search warrant was not supported by probable cause. In an appeal of a district court's denial of a motion to suppress, we

---

[3]The Mitchell County Sheriff's Office employed five law enforcement officers at the time of this investigation.

review the court's findings of fact for clear error and its legal determinations de novo. *See United States v. Jones*, 535 F.3d 886, 889–90 (8th Cir. 2008). Whether a warrant is supported by probable cause is a legal determination and is based on whether the warrant is supported by facts that would "justify a prudent person in the belief that there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Riedesel*, 987 F.2d 1383, 1390 (8th Cir. 1993) (citations omitted).

Kruse argues that the search warrant lacks probable cause because the officer's affidavit did not specify the quantity of marijuana seeds and stems that officers found in Kruse's trash. Kruse contends that drug users readily use all of the drugs in their possession in a short period of time; therefore, the specific quantity of seeds and stems found in the trash would be necessary to establish whether there would be drugs present at the time of the search. Kruse's argument fails. Law enforcement obtained the warrant on the belief that Kruse was using *and* selling drugs. Several facts presented in the affidavit, including the observation of cars belonging to known drug users being parked outside Kruse's apartment, supported law enforcement's belief that drugs were being used and sold in the apartment. Accordingly, if Kruse were selling drugs, he would likely have a supply on hand to service customers, which would support the belief that drugs would be present in the apartment at the time of the search.

Also, the two trash searches seven days apart support the conclusion that drugs were consistently present in Kruse's apartment. Therefore, the quantity of marijuana seeds or stems found in Kruse's trash is not crucial. The repeated presence of the seeds and stems sufficiently establishes probable cause supporting the potential presence of drugs in the apartment at the time of the search.

Finally, Kruse ignores that several facts in the affidavit support the probable cause for the search warrant. The marijuana seeds and stems discovery was only one.

As the federal magistrate judge cogently noted, the affidavit provided the issuing magistrate ample information, including

> (1) during the prior months, deputies had witnessed numerous vehicles in front of [Kruse]'s apartment after business hours; (2) some of the vehicles belonged to known or suspected drug users; (3) persons coming from [Kruse]'s apartment were seen getting into the vehicles; (4) on February 24, 2010, a trash rip in front of [Kruse]'s apartment yielded marijuana seeds and stems, together with documents identifying [Kruse]; (5) on March 1, 2010, a person walking near [Kruse]'s apartment was approached by a deputy for having an open container of alcohol. The person had a strong odor of marijuana smoke about him, and marijuana and a marijuana pipe was found on his person. The subject said he had just come from [Kruse]'s apartment; (6) on March 3, 2010, a second trash rip revealed additional marijuana seeds and steps [sic], with a handwritten note to a person identified as [Kruse]'s roommate; (7) later the same day, the owner of the property identified [Kruse] as the tenant of the apartment; (8) the property owner told law enforcement that the renters are instructed to put their garbage on the sidewalk in front of the building; (9) [Kruse] had been under investigation for several years and is a known drug user; and (10) [Kruse] has four prior drug-related convictions, with the last conviction approximately 2-1/2 years earlier.

*United States v. Kruse*, No. CR 11-2019, 2011 WL 1871237, at *4 (N.D. Iowa May 16, 2011). Therefore, we conclude the evidence presented in the affidavit sufficiently supports probable cause that contraband would be present in Kruse's apartment at the time of the search.

## B. *Dissipation of Probable Cause*

Alternatively, Kruse contends that the warrant lacked probable cause on the grounds that the four-day delay in executing the warrant dissipating any probable cause that existed at the time the warrant was issued. We disagree. We have held similar delays did not cause probable cause to dissipate. In *United States v. Tenerelli*,

614 F.3d 764 (8th Cir. 2010) we found that a six-day delay between issuance and execution of a search warrant did not dissipate probable cause because "[i]t was reasonable for the officers to conclude that [the defendant] was likely to possess [drugs] at his residence when the search warrant was executed" because of "[t]he ongoing nature of [drug] distribution." *Id.* at 770–71; *see also United States v. Shegog*, 787 F.2d 420, 423 (8th Cir. 1986) (finding that an eight-day delay from issuance of a search warrant to execution of the search did not dissipate probable cause). As we noted above, the finding of marijuana seeds and stems in Kruse's trash on two separate occasions seven days apart supports the conclusion that drugs were present and used consistently in Kruse's apartment. Thus, it would be reasonable for officers, and the issuing magistrate, to believe that contraband would be present in Kruse's apartment a mere four days after the issuance of the warrant.

## C. *Overbreadth of the Warrant*

Next, Kruse argues that the warrant was overbroad because it permitted officers to search for firearms when there was no evidence in the affidavit of firearm ownership or trafficking. It is well established that a search warrant for evidence allows law enforcement to search anything or anywhere on the premises where that evidence might be. "If [law enforcement officers] are looking for a canary's corpse, they can search a cupboard, but not a locket. If they are looking for an adolescent hippopotamus, they can search the living room or garage but not the microwave oven." *United States v. Evans*, 92 F.3d 540, 543 (7th Cir. 1996). In *United States v. Nichols*, 344 F.3d 793 (8th Cir. 2003) (per curiam), for example, firearms that were found under a suspect's mattress were not subject to suppression under the plain view doctrine, even though the search warrant did not authorize the officers to look for firearms. *Id.* at 798–99; *see also United States v. Weinbender*, 109 F.3d 1327, 1329 (8th Cir. 1997) (upholding the denial of a motion to suppress a silencer under the plain view doctrine after police removed a picture from a wall, removed dry wall, moved two pieces of wood stuck between beams in the wall, and used a flashlight to see and recover the silencer).

On these facts, the inclusion of firearms in the warrant had no effect upon the actual discovery of the firearms because they were observed in plain view during an authorized search for drugs. Officers were authorized to search in Kruse's bedroom closet because marijuana, paraphernalia, and other drug related evidence could have been stored there.[4] Upon finding the gun case, officers were authorized to look inside the case because drugs could be stored inside the case. Upon seeing the gun, officers were authorized to seize it under the plain view doctrine because they were authorized to search the gun case, the firearm was in plain sight, and the firearm's incriminating nature would have been immediately apparent given the officers' knowledge of Kruse's prior drug convictions.

### III. *Conclusion*

Accordingly, we affirm the district court's denial of Kruse's motion to suppress.[5]

———————————————

[4]Kruse also argues that the failure of a drug sniffing K-9 unit to indicate drugs in his bedroom should have prevented the officers from searching in his bedroom for drugs. Kruse fails to realize, however, that the officers were searching for more than drugs, but also evidence that a K-9 unit would not be able to smell. The warrant included the search of such evidence as drug paraphernalia, books, records, notes, photos, telephone books, and a host of other evidence that would indicate drug use and drug dealing at the apartment. Further, our holding in *United States v. Lakoskey*, 462 F.3d 965, 977 (8th Cir. 2006), where two negative drug sniffs still did not dispel reasonable suspicion of the presence of drugs, provides that the failure of a K-9 unit to smell drugs does not foreclose or limit a search.

[5]Given our affirmance on the grounds stated in this opinion, we need not address Kruse's argument regarding whether the good-faith exception to probable cause articulated in *United States v. Leon*, 468 U.S. 897 (1984), applies.