# United States Court of Appeals

## For the Eighth Circuit

_____

No. 18-2700

_____

United States of America,

*Plaintiff - Appellee,*

v.

Kyle Daniel Leick,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Northern District of Iowa - Dubuque

_____

Submitted: September 26, 2019
Filed: December 17, 2019

_____

Before LOKEN, COLLOTON, and KOBES, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Kyle Leick entered a conditional guilty plea to one count of unlawful possession of a firearm as a drug user. *See* 18 U.S.C. §§ 922(g)(3), 924(a)(2). The district court[1] sentenced him to 37 months' imprisonment. Leick appeals and

_____

[1] The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

challenges the district court's denial of his motion to suppress evidence of a urine sample that police took from him. Leick contends that a search warrant authorizing the seizure of his urine, as evidence of unlawful firearms possession, was not supported by probable cause, because it was executed eight days after he possessed the firearm. We conclude that probable cause continued to exist when the search warrant was executed, and we therefore affirm the judgment.

Police began to investigate Leick when his girlfriend reported on August 22, 2017, that Leick assaulted her at their shared apartment in Dubuque. The girlfriend also disclosed that Leick was a regular user of marijuana and cocaine, and that he kept firearms in their apartment. Based on that information, officers obtained and executed a search warrant for the apartment. They seized drug residue, drug paraphernalia, an AR-15 firearm, and several rounds of ammunition. Leick was not present at the apartment.

After officers searched the apartment, they sought a warrant for a urine sample from Leick "to determine the presence of controlled substances in Leick's system, while he is currently being a drug user in possession of a firearm and ammunition." On August 22, an Iowa magistrate judge issued a warrant for "[e]vidence of drug use within the body of Kyle Daniel Leick . . . in the form of a urine specimen." The warrant commanded officers "to make immediate search" of the person described, but Iowa law allowed ten days for execution of the warrant. *See* Iowa Code § 808.8. On August 30, officers arrested Leick and obtained a urine sample from him. The urine tested positive for the presence of marijuana and cocaine.

Leick moved to suppress the urine sample on the ground that probable cause was lacking by the time officers executed the warrant. Leick asserted that a urine sample collected eight days after his alleged possession of a firearm was unlikely to produce evidence that he possessed a firearm as an unlawful user of a controlled substance. The district court denied the motion. The court observed that the issuing

magistrate was informed that Leick used marijuana daily, and found that urinalysis can reveal the consumption of marijuana in a chronic user for up to two months. When reviewing the denial of a motion to suppress, we review factual findings for clear error and legal questions *de novo*. *See United States v. Tenerelli*, 614 F.3d 764, 769 (8th Cir. 2010).

The Fourth Amendment requires police to execute a search warrant within a reasonable time after its issuance. Reasonableness should be measured in terms of whether probable cause still existed at the time the warrant was executed. *See United States v. Shegog*, 787 F.2d 420, 422 (8th Cir. 1986). Factors to consider in determining whether probable cause has dissipated "include the lapse of time since the warrant was issued, the nature of the criminal activity, and the kind of property subject to the search." *United States v. Gibson*, 123 F.3d 1121, 1124 (8th Cir. 1997).

The record here shows that the warrant for a urine sample from Leick was supported by probable cause when it was executed. Leick concedes that the warrant was valid when issued, but argues that probable cause dissipated by August 30 because evidence of drug use on or before August 22 would not remain in his system for eight days. The district court, however, permissibly relied on testimony of a forensic criminalist from the state crime laboratory that evidence of marijuana use in a chronic user can remain in the user's system for up to two months. Given that Leick's girlfriend informed officers that he used marijuana daily, there was a fair probability that a urine sample collected on August 30 would reveal evidence of Leick's drug use on or before August 22. We therefore conclude that the warrant was supported by probable cause when it was executed, and the district court did not err in denying Leick's motion to suppress. We need not address whether probable cause to search for evidence of drug use occurring *after* August 22, standing alone, would be sufficient to justify the search.

The judgment of the district court is affirmed.

_____